IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STACY WIHEBRINK,
Individually and on Behalf of All Others
Similarly Situated                                                          PLAINTIFF

v.                          No. 4:21-cv-573-DPM

LIFE STRATEGIES COUNSELING, INC.                              DEFENDANT

ORDER

1. Life Strategies Counseling, Inc. is a Jonesboro-based company that provides mental health counseling and psychotherapy services out of several offices throughout the state. From January 2020 to April 2021, Wihebrink worked full-time as a therapist in the company's Cabot office. She alleges the company only paid her for the hours she spent with patients—her billable hours. She claims the company should have paid her for the hours she spent on travel and administrative tasks—her non-billable hours—and for overtime. She sues on behalf of herself and other similarly situated workers and moves to conditionally certify a collective action. Life Strategies opposes certification. At this stage, conditional certification is appropriate if Wihebrink has provided a factual basis for the Court to conclude that similarly situated workers exist and were subjected to a common policy (formal or informal) that violated the law. *McLendon v.*

*Schlumberger Tech. Corp.*, 2016 WL 3911897, at *1 (E.D. Ark. 15 July 2016) (quotation omitted).

    **2.**    All material circumstances considered, Wihebrink has made the modest factual showing required under the fairly lenient legal standard. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 Dec. 2009); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944–45 (W.D. Ark. 2003). Life Strategies argues that part-time workers shouldn't be included in the collective. It may be that part-time workers were less likely to have regularly worked more than 40 hours a week. At $50 an hour, it may also be unlikely that anybody's wage was below the federal minimum no matter how many hours they reasonably worked. *Morgan v. El Dorado Home Care Services, LLC*, 2017 WL 10153527, at *2 (E.D. Ark. 9 Feb. 2017). But the Court sees little difference between part-time workers and full-time workers, like Wihebrink, on this nascent record. Life Strategies' alleged common policy leaves open the possibility that even part-time workers could have been harmed in a way that violated the FLSA and in the same way as full-time workers. The Court therefore conditionally certifies this collective:

> All mental health professionals, not paid a salary, who worked for Life Strategies Counseling, Inc., at any time since 26 June 2018.

Life Strategies must provide Wihebrink's counsel, on an editable electronic spreadsheet, a list of names, addresses, and personal (non-work) e-mail addresses (if it has them) of group members.

3. The notice, consent form, email, and follow-up notice are approved with tweaks. *Doc. 9-1, Doc. 9-2, Doc. 9-3, Doc. 9-4 & Doc. 9-5.* Update the group description. Strike the underline under "Overtime wages lawsuit" in the "RE:" line of the notice. Bump the "Time Sensitive" paragraph down to be the fifth numbered paragraph of the notice after "Composition of the Class" and before "Your Right to Participate in This Suit." Change "Class" to "Group" wherever that word appears in the notice and any other place it might appear. Revise the "Introduction" paragraph in the manner Life Strategies suggests. *Doc. 12 at 7.* The "Effect of Joining this Suit" paragraph is fine, but Wihebrink must delete the "Effect of Severance" paragraph. Wihebrink's counsel must send the notice by regular mail with one follow-up notice by email or by postcard. Texts are not necessary. Life Strategies must post the notice at each of its offices. Here's the schedule:

- Life Strategies produces spreadsheet by 22 April 2022
- Notice period opens 29 April 2022
- Opt-in period closes 29 July 2022

\* \* \*

Motion, *Doc. 9*, granted as modified.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 April 2022