**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**STACY WIHEBRINK, Individually and on**
**Behalf of All Others Similarly Situated**                                                      **PLAINTIFF**

v.                         Case No. 4:21-cv-573-DPM

**LIFE STRATEGIES COUNSELING, INC.**                                                **DEFENDANTS**

## MOTION TO DECERTIFY

Come Defendant, Life Strategies Counseling, Inc., by and through its attorneys, Womack Phelps Puryear Mayfield & McNeil, P.A., and for its Motion to Decertify, states:

1. Plaintiff filed the above-entitled action on June 15, 2021, claiming on her own behalf and on behalf of others.

2. On April 6, 2022, the Court granted conditional certification of a collective action.

3. Of the consents to join, there were twenty-six (26) that were returned, but of those twenty-six (26) a third (1/3) are subject to summary judgment or there was no overtime claimed because of the statue of limitations and because no overtime was claimed.

4. The conditional collective includes persons whose hours billed vary widely and include part-time employees

5. Of the remaining group, only a few are to be found at each location, whether it be Little Rock/Cabot, Mississippi County, Arkansas, Crittenden County, Arkansas, Poinsett County, Arkansas, Craighead County, Arkansas, or Greene County, Arkansas.

6. Any school based mental health services will vary amongst the locale.

7. With the factual differences, defenses and small size, LSCI requests decertification.

WHEREFORE, premises considered, Defendant prays that its Motion be granted, and for any and all other proper relief.

        Respectfully submitted,

        Mark Mayfield (93180)
        WOMACK PHELPS
        PURYEAR MAYFIELD & McNEIL, P.A.
        P.O. Box 3077
        Jonesboro, AR 72403
        Phone: (870) 932-0900
        Facsimile: (870) 932-2553
        mmayfield@wpmfirm.com

By: /s/ Mark Mayfield
    *Attorneys for Defendant*
    *Life Strategies Counseling, Inc.*

## BRIEF IN SUPPORT OF MOTION TO DECERTIFY

Defendant seeks decertification because a large number of the Opt-Ins, nine, make no claim. The persons remaining reflect only a few at each of the various locations. For those that do school work the assignments and any required travel will vary in Pualski County, compared to Mississippi County, as well as other office locations.

Collective action status requires suit by the employee "[on] behalf of himself ... and other employees similarly situated". 29 U.S.C. § 216(b). The named plaintiff is required to demonstrate that a sufficient number of persons desire to opt in. Such requires that the Plaintiffs be similarly situated and that all Plaintiffs give their written affirmation consent to participate in the action. *See, e.g., Douglas v. First Student,* 888 F.Supp.2d 929, 933 (E.D.Ark. 2012). At the decertification stage, the Court puts a heavier burden on the Plaintiff to show that a collective action is appropriate. *See Douglas,* 888 F.Supp.2d at 933. Ark. May 31, 2017).

The district court determines whether the differences among the plaintiffs outweigh the similarities of practices to which they were allegedly subjected by analyzing "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant that appear to be individual to each plaintiff, and (3) fairness and procedural considerations." *Fezard v. United Cerebral Palsy of Cent. Arkansas*, No. 4:13CV00206JM, 2014 WL 12770922, at *1 (E.D. Ark. Sept. 3, 2014) (citing *Smith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005)).

Further, whether a case should go forward as a collective action is not a one-sided inquiry. The district court should not overlook facts, especially ones not disputed by Plaintiff, that suggest a collective action would be improper. *See Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) (citing *West v. Border Foods, Inc.*, No. 05-2525 (DWF/RLE), 2006 WL 1892527, at *7 (D. Minn. July 10, 2006) (remedial purposes of FLSA and interests of judicial economy are not advanced by overlooking facts suggesting collective action is improper)). Amongst others, the Court considers distinct factual employment settings of the individual Plaintiffs, fairness and procedural considerations. *Id.*

Life Strategies Counseling, Inc. ("LSCI") provides mental health services out of locations including Jonesboro, Paragould, Blytheville, Osceola, Marion, Trumann and Little Rock/Cabot. Exs. To MSJ. E (Williamson Little Rock North Little Rock), p.33; G (Bailey Osceola/Blytheville), pp. 17, 20, 33; H (Buckley Little Rock and Charter), p 27.  Plaintiff and the Opt-Ins were hired as mental health professionals.

The services are provided from various offices, in client homes and in schools. Ex. A.  Of the Opt-Ins, some mental health professionals worked in the schools, some do not.  Plaintiff worked

partly out of the Cabot office, which allows onsite therapy. Some did not provide therapy in offices or mostly did not.. Plaintiff also worked in schools in Cabot. Opt-Ins worked at each location listed, but the numbers were consistently less than five at any one location and generally only a few at any location. The geography of the areas vary from a metropolitan statistical area in Central Arkansas, to the smaller MSA centered in Jonesboro, and transitioning to farm counties is East and Northeast Arkansas, creating distinctions. *See McLendon v. Schlumberger Tech. Corp.*, No. 4:15CV00752 JLH, 2016 WL 3911897, at *1 (E.D. Ark. July 15, 2016).

Starting times varied amongst individuals *Douglas v. First Student,* 888 F.Supp.2d 929 (E.D.Ark. 2012). *Reynolds v. BLM Company*, 2015 W.L.13813613(W.D.Ark. January 21, 2015). Indded, mental health professional managed their schedule in part. School based therapists were required to adapt to the school schedule, including class periods where no client was available and the variety of school start times. For instance Opt In Buckley testified that she did not arrive until 10:00 unless she had to attend a meeting for an IEP or 504 Plan in which case she would arrive for the meeting . Ex. H, pp. 28-29, 42, 51. Others began therapy at the start of the school day, which varied amongst districts. Ms. Williamson provided the latest time of seeing clients, up to 9:00 p.m. Ex. E, p. 36.

Much of the hours worked claims are asserted to be based on time spent completing documentation. The practices of mental health professionals varied, with one stating she started notes during the session, others saying notes were completed each day and at least one other saying notes were prepared on weekends. Ms. Barnhill emphasized her efficiency through time management and believed she billed more than others to her expectation. Ex. F, p. 50. Ms. Buckley took 5-8 minutes to complete a single note and prepared hers mostly on weekends. Ex. H, pp. 32, 35. Other took more time and completed on weekdays mostly. Exs. F, pp. 50-51; G, p. 23.

Different types of therapy are provided, individual therapy, family therapy, and group therapy. The milieu varied amongst the Opt Ins. Not all mental health professionals perform all three types of therapy. Ms. Buckley only had Medicaid clients. Ex. H, p. 46.

Differing defenses are presented.. A few had zero billable hours. The records of many show no work within the statute of limitations. The records of many show they were PRN or part-time and never billed more than twenty hours in a workweek. *See also Black v. Driveline Retail Merchandising, Inc.,* No. 4:18CV00778 KGB, 2019 WL 13122572, at *5-6 (E.D. Ark, Sep. 25, 2019).

Plaintiff's statements are hearsay and insufficient evidence for the Court to determine that others were similarly situated with respect to the allegations in the complaint. *See Farnsworth v. Welspun Tubular LLC*, No. 4:11-cv-619 DPM (E.D. Ark. Aug. 16, 2012) (court would not infer reclassification of employees that was basis of claim). Two Opt Ins failed to appear for their deposition. Ex. C. Ms. Barnhill conceded that she was not saying LSCI paid her inappropriately. Ex. F, p. 34. There is some inconsistency in her answer compared to other statements; however, that simply underscores the dissonance in the proof.

With these differences, LSCI submits that whatever proof capable of being presented in representative fashion is diminished compared to the individual proof that can be required.

## **CONCLUSION**

Defendant requests that the collective action be decertified.

Respectfully submitted,

Mark Mayfield (93180)
WOMACK PHELPS PURYEAR
MAYFIELD & McNEIL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
Phone: (870) 932-0900
Facsimile: (870) 932-2553
mmayfield@wpmfirm.com


By: /s/ Mark Mayfield
　　*Attorney for Defendant*
　　*Life Strategies Counseling, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

　　Daniel Ford (daniel@sanfordlawfirm.com)
　　Josh Sanford (josh@sanfordlawfirm.com)
　　SANFORD LAW FIRM. PLLC
　　Kirkpatrick Plaza
　　10800 Financial Centre Pkwy, Ste. 510
　　Little Rock, AR 72211


　　　　　　　　　　　　　　　/s/ Mark Mayfield
　　　　　　　　　　　　　　　Mark Mayfield