**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**STACY WIHEBRINK, Individually and on
Behalf of All Others Similarly Situated**                                                              **PLAINTIFF**

**v.**                          **CASE NO. 4:21-CV-573-DPM**

**LIFE STRATEGIES COUNSELING, INC.**                                                              **DEFENDANT**

## REPLY TO RESPONSE TO MOTION TO DECERTIFY

Comes Defendant, Life Strategies Counseling, Inc., by and through its attorneys, Womack Phelps Puryear Mayfield & McNeil, P.A., and for its Reply to Response to Motion to Decertify, states:

1. The Response demonstrates Ms. Wihebrink cannot and does not represent the other opt-ins– she did not perform group therapy, did not bill for treatment plans and provided therapy mainly from Cabot Schools and her office.

2. The Opt-ins are not similarly situated in terms of defenses–those who last worked more than three (3) years ago, and those who billed single digits and low double-digit hours apparently will not accept the application of the law to those facts. Plaintiff has presented no testimony from those individuals.

3. Subclassification, making a small group even smaller, is not the most efficient way to handle this matter.

4. Accordingly, Defendant prays that its Motion for Decertification be granted.

WHEREFORE, premises considered, Defendant prays that its Motion for Decertification be granted, and for any and all other proper relief.

Respectfully submitted,

Mark Mayfield (Bar No. 93180)
WOMACK PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.
P. O. Box 3077
Jonesboro, AR 72403
Phone: (870) 932-0900
Fax: (870) 932-2553
mmayfield@wpmfirm.com

By: /s/ Mark Mayfield
    *Attorneys for Defendant, Life Strategies Counseling, Inc.*

### **BRIEF IN SUPPORT OF REPLY TO RESPONSE FOR MOTION TO DECERTIFY**

When a disparity is material to a claim, then it bears consideration, contrary to Plaintiff's argument. Judge Miller decertified a case that compares favorably to this Motion. *Douglas v. First Student,* 888 Ed. Supp. 2d 929 (E.D. Ark. 2012). In the *Douglas* case, 256 drivers opted-in to a suit concerning a collectively-bargained pay structure. *Id.* at 931-932. Judge Miller noted the fundamental question of "whether the differences among the Plaintiffs outweigh the similarities of the practices to which they were allegedly subjected." *Id.* at 933 (quoting *White v. Baptist Memorial Health Care Court.* 2011 W.L. 1883959, at *4 (W. D. TNN. May 17, 2011). In *Douglas*, the Court observed that the bus drivers' home to school route varied, which affected the determination of how long it would take to complete the route. *Id.* at 934. Each driver had additional driving duties as well as differing non-driving duties. The Plaintiff, like Ms. Wihebrink, tried to subdivide the groups, but the Court rejected that proposal.

*Douglas* also involved individual defenses, like the statute of limitations and those who billed few hours in a week. Finally, considering the procedural aspects, the Court found:

> the different facts of each Plaintiff and First Student's individualized defenses, . . . would be very difficult to appropriately adjudicate . . . collectively. Each Plaintiff's case requires consideration of different background facts and different testimony based [on] each driver's work activities. Failing to decertify the conditionally certified class would unfairly and prejudicially require First Student to prepare for and present hundreds of different trials simultaneously.

*Id.* at 935 (citation omitted).

Ms. Wihebrink could not represent the rest of the group because she never performed group therapy, one of the types of therapy included in the claims as hours worked. Ex. A. to Resp., Depo. of Wihebrink, p. 26, Ms. Wihebrink said she could not bill for certain items that others said that they could bill. Ex. A to Resp., p. 36. Mr. Bailey, Ms. Barnhill, and Ms. Buckley all state that they could bill for intakes. Exs to Resp, B, Depo. of Bailey, p. 17; C, Depo. of Barnhill, p. 24; D, Depo. of Buckley, p. 36. Plaintiff does not dispute that travel, the location of therapy, and the times of therapy all differed as well.

As previously discussed, the people worked out of different offices-- in Cabot, Osceola, Blytheville, and Little Rock. Exs. to MSJ. E (Williamson Little Rock North Little Rock), p.33; G (Bailey Osceola/Blytheville), pp. 17, 20, 33; H (Buckley Little Rock and Charter), p 27. In *Douglas v. First Student,* the difference in driving locations required individualized proof. The therapists are even less similar than the drivers in *Douglas*.

Each therapist sets their own schedule and handles the clients work in their own way. They arrived and finished at different times based on their location. They offer differing estimates of how long it took to do certain things. Policies and procedures impact the Plaintiff's and Opt-ins in

differently and individual ways should not be litigated collectively. *Arnold v. Direct TV, LLC* 2017 W.L. 1251033, *7 (E.D. Mo. March 31, 2017) (distinguishing *Thompson v. Bruister & Assocs.,* 967 F. Supp. 2d 1204 (E.D.Tenn. 2013) and *Butler v. DirectSAT USA, LLC,* 47 F. Supp. 3d 300 (D. Md. 2014)). Likewise, "individual decisions" by Opt-Ins speak against collective status. *Blakes v. Ill. Bell Tel. Co.*, 2013 W.L. 6662831, *13 (N.D.Ill.December 17, 2013) (distinguishing *Brennan v. Qwest Communications, Intern., Inc.* 2009 W.L. 1586721 (D. Minn. Jun. 4, 2009)); *see also Rousell v. Brinker Int'l,* 2008 W.L. 2714079 (S.D. Tex. July 9, 2008) (noting "serious problems" with proposed representative testimony).

There has been no showing that Life Strategies forced these folks to work in the way in which they did. Instead, Plaintiff and the Opt-ins chose their own schedule, decided where and when to go to certain places, and where and when to do their notes. As even Ms. Barnhill noted, some made different choices about how they would go about doing their work. Ex. F. To Mot., Depo. of Barnhill, p. 50. Just because Ms. Wihebrink may have done things her way does not mean that the others followed suit.

Plaintiff does not dispute that there are individualized defenses. *Fezard v. United Cerebral Palsy of Cent. Arkansas*, No. 4:13CV00206JM, 2014 WL 12770922, at *1 (E.D. Ark. Sept. 3, 2014) (citing *Smith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005)). Even though Life Strategies has argued some of the defenses as a matter of law, Plaintiff's contention that there are issues of fact does not change the point that the individualized defenses exist. No representative testimony has been presented by those outside the statute of limitations and those who billed no more than the low double digits.

The size of the proposed collective works both ways – procedural advantages and efficiencies diminish as a function of size. Plaintiff argues that there can be subclassifications, which makes the grouping even smaller. No case supports the assertion that a smaller collective is preferable to individual actions. Plaintiff and the Opt-Ins could now join or sue separately.

Curiously, Plaintiff and the Opt-Ins argue consideration of the size and amount of wage claims. However, they have not presented this Court with estimates of the amount of wages claimed, leaving the Court to speculate about whether there would be sufficient motivation for individuals to file suit. Life Strategies would state its belief that the individual claims should be small and will be zero in many instances. But the Court is well aware that Plaintiff's Counsel is willing and capable to pursue small claims.

## **CONCLUSION**

Accordingly, Defendant prays that the Motion for Decertification be granted.

        Respectfully submitted,

        Mark Mayfield (Bar No. 93180)
        WOMACK PHELPS
        PURYEAR MAYFIELD & McNEIL, P.A.
        P. O. Box 3077
        Jonesboro, AR 72403
        Phone: (870) 932-0900
        Fax: (870) 932-2553
        mmayfield@wpmfirm.com

        By: /s/ Mark Mayfield
            *Attorneys for Defendant, Life Strategies Counseling, Inc.*

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 12th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Daniel Ford (daniel@sanfordlawfirm.com)
Josh Sanford (josh@sanfordlawfirm.com)
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, AR 72201

        /s/ Mark Mayfield
        Mark Mayfield