IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STACY WIHEBRINK, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.           No. 4:21-cv-573-DPM

**LIFE STRATEGIES COUNSELING, INC.**          **DEFENDANT**

<u>**BRIEF IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS AND FOR EXTENSION OF TIME TO SERVE RESPONSES**</u>

### I.    INTRODUCTION

Plaintiff and Opt-In Plaintiffs (hereinafter collectively referred to as "Plaintiffs") request that this Court grant them permission to make untimely Answers to Requests for Admissions regarding Plaintiffs' overtime wage claims and to withdraw any admissions made. First, some of the Requests for Admissions relied upon by Defendant are inappropriate requests for conclusions of law and should not be deemed admitted in any event. Second, the Requests for Admissions represent an inappropriate use of Fed. R. Civ. P. as a litigation tool because they do nothing more than ask Plaintiffs to waive their overtime claims with no further factual embellishment and in direct contradiction to the facts alleged in this case. Third, Plaintiffs have responded to the Requests for Admissions with Denials as of 12 May 2023. Accordingly, Plaintiffs request that this Court permit their untimely responses to Requests for Admissions, allow them to withdraw of any admissions they may have made, and treat the Requests for Admissions as having been denied.

Page 1 of 12
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Brief in Support of Motion to Withdraw Admissions
and for Extension of Time to Serve Responses

## II.     STANDARD OF REVIEW

Requests for admissions are governed by Rule 36 of the Federal Rules of Civil Procedure, which permits a party may serve a "written request to admit . . . the truth" of certain matters relevant to the litigation and related to "facts, the application of law to fact, or opinions about either" as well as "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Matters that have been admitted under Rule 36 may also withdrawn or amended subject to the discretion of the Court and on motion[1] of the admitting party. Fed. R. Civ. P. 36(b). Requests for admissions that are not responded to within thirty days of having been served may be deemed admitted. Fed. R. Civ P. 36(a)(3). However, "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Hogan v. Traveler's Indem. Co.*, No. 3:07CV00058 JLH, 2007 U.S. Dist. LEXIS 85475, at *2 (E.D. Ark. Nov. 7, 2007).

The Court may exercise its discretion to refuse to deem requests for admissions as admitted, even where those admissions are proper and have not been timely responded to. *Taylor-Shaw v. Bestway Rent to Own*, No. 5:09CV00329 JLH, 2010 U.S. Dist. LEXIS 34445, at *15 (E.D. Ark. Apr. 7, 2010). In exercising this discretion, Courts focus on the purposes of Rule 36, which are "to remove uncontested issues and to prevent delay." *Taylor-Shaw v. Bestway Rent to Own*, No. 5:09CV00329 JLH, 2010 U.S.

---

[1] Courts take a "liberal reading" of what constitutes a "motion" under Rule 36(b), including treating late responses "as the functional equivalent of a motion to withdraw admissions." *Pitts v. City of Cuba*, No. 4:10CV00274 ERW, 2012 U.S. Dist. LEXIS 123463, at *9 (E.D. Mo. Aug. 30, 2012) (citing *Warren v. International Brotherhood of Teamsters, etc.*, 544 F.2d 334, 339-40 (8th Cir. 1974); *Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010) ("These decisions are best understood as exercising authority to permit withdrawal or amendment of admissions under Rule 36(b), because the party who admitted matters later filed with the court a pleading that was sufficient to constitute a 'motion' under a liberal reading of the rule."); *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987) (treating a motion in response to summary judgment motion, along with late responses to requests for admission, as "in essence, motions to withdraw the admissions.")).

Page 2 of 12
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Brief in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

Dist. LEXIS 34445, at *19 (E.D. Ark. Apr. 7, 2010). Accordingly, a court "should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." *Crussel v. Electrolux Home Prods., Inc.*, No. 06-CV-4042, 2007 U.S. Dist. LEXIS 24593, at *11 (W.D. Ark. Apr. 2, 2007); *See also Taylor-Shaw*, 2010 U.S. Dist. LEXIS 34445, at *19 ("When the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing.").

"[T]he test for allowing withdrawal of admissions rests upon the showing of prejudice to the requesting party, and any disservice to the presentation of the truth at trial, if the requests are deemed admitted." *Id*; *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *10–11 ("The question thus is whether allowing the constructive motion to withdraw would satisfy the two-prong test for acceptance of a late admission: that acceptance would 'promote the presentation of the merits' and would not 'prejudice the requesting party'") "The same criteria are applicable in determining the allowability of late responses to requests for admissions." *Id*; *Crussel,* 2007 U.S. Dist. LEXIS 24593, at *11. "In short, the Court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." *Id*. (internal quotation marks omitted).

With respect to the first part of the test for withdrawing admissions and permitting late answers to requests for admissions, courts have held that "[i]f the admissions would prevent Plaintiffs from having their claims considered, allowing withdrawal promotes the presentation on the merits." *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *11. "Simply put, the prospect of deeming controverted facts or issues as having been admitted is anathema

Page 3 of 12
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Brief in Support of Motion to Withdraw Admissions
and for Extension of Time to Serve Responses

to the ascertainment of the truth and the Court's innate sense of justice." *Crussel,* 2007 U.S. Dist. LEXIS 24593, at *11.

With respect to the issue of prejudice, a party who makes requests for admissions suffers prejudice "to the extent they are harmed in presenting their case." *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *11. To assess this issue, it is "appropriate to ask whether [the defendant] could reasonably have believed that [the plaintiff] intended to admit facts which were so vital that they amounted to a complete waiver of [the defendant's] liability." *Id*. at *11–12. In analyzing the defendant's reliance on the admitted facts, the *Pitts* court held:

> This Court concludes that Defendants would not have been reasonable in believing that Plaintiffs' tardy response constituted a waiver of Defendants' liability. Defendants knew or should have known that the nature of their requests for admission would not result in information which would aid in discovery or trial preparation, as Plaintiffs would not have intended to admit facts so vital that they would have waived Defendants' liability. Because Defendants could not reasonably have relied upon Plaintiffs' late Responses as admissions, they cannot reasonably claim prejudice in allowing withdrawal of those admissions.

*Id*. at *12.

In addition, not all requests for admission are proper under Fed. R. Civ. P. 36. For example, "parties are not permitted to seek an admission as to pure conclusions of law," so requests for admissions regarding conclusions of law should not be deemed admitted even if not responded to. *See Marziale v. Correct Care Sols. LLC*, No. 5:18-CV-86-DPM, 2020 U.S. Dist. LEXIS 143872, at *23–24 (E.D. Ark. July 28, 2020).

### III.     BRIEF PROCEDURAL BACKGROUND

Defendant served its First Set of Requests for Admission (hereinafter "Requests for Admissions") on Plaintiffs on November 30, 2022. *See* Requests for Admissions (ECF No. 38-2). In their entirety, the Requests for Admissions read as follows:

Page 4 of 12
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Brief in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

In its Requests for Admissions, Defendant asks the following:

**REQUEST NO. 1:** Admit that the attached payroll records accurately reflect your hours billed with Life Strategies Counseling, Inc.

**REQUEST NO. 2:** Admit that during your employment with Life Strategies Counseling, Inc. you worked on a part-time basis.

**REQUEST NO. 3:** Admit that from the beginning of your employment to the end of your employment with Life Strategies Counseling, Inc. that you never worked more than 40 hours in any single week.

**REQUEST NO. 4:** Admit that you did not work any overtime as an employee with Life Strategies Counseling, Inc.

Plaintiffs did not respond to the Requests for Admissions because the Parties agreed to multiple extensions of the response deadline (including an open-ended extension) in an effort to facilitate settlement discussions by efficiently litigating the case as much as possible. *See* ECF No. 34, Plaintiff's Unopposed Motion to Extend Deadlines, and 13 January 2023 emails between counsel generally extending discovery response deadlines, attached hereto as Exhibit 1.  However, Plaintiffs have responded to the Requests for Admissions with Denials as of May 12, 2023, denying all Requests for Admissions.

## IV.   ARGUMENT

This Court should grant Plaintiffs permission to make untimely Answers to Requests for Admissions regarding Plaintiffs' overtime wage claims and to withdraw any admissions made through failure to timely respond to the Requests for Admissions. The Requests for Admissions relied upon by Defendant inappropriately draw conclusions of

Page 5 of 12
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Brief in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

law and ask Plaintiffs to wholly waive their overtime claims with no factual embellishment whatsoever. Further, the Requests for Admissions are wholly contrary to the facts repeatedly alleged by Plaintiffs in this case. Accordingly, deeming the Requests for Admissions as admitted is inappropriate and inconsistent with the purposes of Fed. R. Civ. P. 36.

This Court should permit Plaintiff to respond to the Requests for Admissions with denials when appropriate and treat the Requests for Admissions as having been denied, because the Requests for Admissions are not the proper subjects of admissions under Rule 36. In addition to containing improper conclusions of law, the Requests for Admissions go to the heart of the liability issues in this case and unfairly deny Plaintiffs the opportunity to litigate their claims, while directly contradicting all of the factual allegations made in this case by Plaintiffs.

As noted above, the Requests for Admissions read as follows:

**REQUEST NO. 1:** Admit that the attached payroll records accurately reflect your hours billed with Life Strategies Counseling, Inc.

**REQUEST NO. 2:** Admit that during your employment with Life Strategies Counseling, Inc. you worked on a part-time basis.

**REQUEST NO. 3:** Admit that from the beginning of your employment to the end of your employment with Life Strategies Counseling, Inc. that you never worked more than 40 hours in any single week.

**REQUEST NO. 4:** Admit that you did not work any overtime as an employee with Life Strategies Counseling, Inc.

Page 6 of 12
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Brief in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

First, the Requests for Admissions improperly request admissions of legal conclusions rather than factual contentions. *See Marziale*, 2020 U.S. Dist. LEXIS 143872, at *23–24. Specifically, whether an employee is "part time" is a conclusion of law. *See Zamora v. Wash. Home Servs., LLC*, Civil Action No. 11-CV-00831 AW, 2011 U.S. Dist. LEXIS 144298, at *6–7 (D. Md. Dec. 15, 2011) ("The allegation that 'Plaintiff worked for Defendant as a full time employee' is a legal conclusion. The allegation that Washington Home did not pay Zamora (and others similarly situated) overtime wages is also a legal conclusion."). Further, even if the allegation that Plaintiffs were "part time" were a factual contention, the term "part time" is not defined and is so ambiguous as to have no meaning as an admission. Therefore, these requests are not proper under Fed. R. Civ. P. 36.

Second, the Requests for Admissions go to the heart of the liability issues in this case and unfairly deny Plaintiffs the opportunity to litigate their claims. Specifically, Plaintiffs have asserted overtime wage claims under the FLSA and AMWA against Defendant. *See* Original Complaint—Collective Action (hereinafter "Complaint") ¶ 1 (ECF No. 1). This requires that Plaintiffs establish they worked in excess of forty hours per week for Defendant. *Karnes v. Happy Trails RV Park, LLC*, 361 F. Supp. 3d 921, 935 (W.D. Mo. 2019) ("For an overtime wage claim to lie under the FLSA . . . Plaintiffs must have worked in excess of forty hours a week."). The Complaint specifically states that Plaintiff Wihebrink "estimates she billed and was paid for approximately 25 hours each week, but she regularly worked over 40 hours per week," and that "other Mental Health Professionals billed a similar number of hours and spent a similar number of hours working which went unrecorded and uncompensated." Complaint ¶ 29, 30 (ECF No. 1).

Page 7 of 12
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Brief in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

Yet, in their Requests for Admissions, Defendant asks Plaintiffs to admit that these allegations are not true. This use of requests for admissions under Fed. R. Civ. P. 36 is inconsistent with the purposes of the procedural mechanism, which are "to remove uncontested issues and to prevent delay." *Taylor-Shaw*, 2010 U.S. Dist. LEXIS 34445, at *19. Whether Plaintiffs worked in excess of forty hours per week (overtime hours) is clearly an issue that is contested in this case, and the allegations of the Complaint make clear that Plaintiffs deny that they worked less than forty hours per week. Without any factual embellishment whatsoever, Defendant simply asks Plaintiffs to deny the allegations of the Complaint and thereby concede the most basic and necessarily element of their claim. This Court is not required to deem unanswered requests for admissions as having been admitted, and under these circumstances, this Court should exercise its discretion to refuse to deem these statements as admitted.

Third, Plaintiffs have responded to Defendant's Requests for Admissions and have petitioned this Court to permit their late responses and to permit them to withdraw any admissions made. This Court should grant Plaintiff's requests for late filing and to withdraw admissions because doing so furthers the purposes of Rule 36, permits Plaintiffs to proceed on the merits of their claim, and does not prejudice Defendant.

As set forth above, the standard for permitting late responses and withdrawing admissions is the same and involves a two-prong test: that acceptance would promote the presentation of the merits and would not prejudice Defendant. *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *10–11; *Crussel*, 2007 U.S. Dist. LEXIS 24593, at *11. The first test asks whether "the admissions would prevent Plaintiffs from having their claims considered." *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *11. Since Plaintiffs' overtime wage

Page 8 of 12
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Brief in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

claims fully rest on Plaintiffs having performed overtime work (i.e., hours worked in excess of forty per week), the admissions Defendant has sought would prevent Plaintiffs from having their claims considered. Therefore, this factor weighs in favor of Plaintiffs.

The second test focuses on prejudice to Defendant, which asks whether Defendant will be harmed in presenting its case if Plaintiffs are allowed to make their denials. *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *11. In assessing this issue, the Court may ask whether Defendant could reasonably have believed that Plaintiffs intended to admit these facts, which were "so vital that they amounted to a complete waiver of [Defendant's] liability." *Id*. Again, the Requests at issue ask Plaintiffs to admit the most fundamental aspect of their claim with no factual embellishment whatsoever. Further, these alleged "facts" are directly contradicted by the allegations of the Complaint in this case, as discussed above. They are also directly contradicted by Plaintiff Wihebrink's statements in support of her Motion for Conditional Certification (ECF No. 9), in which she states that she worked hours in excess of forty per week for which she was not paid overtime wages, described the work that she performed for Defendant that resulted in the unpaid overtime, and confirmed that other mental health professionals worked similar hours and conditions. Declaration of Stacy Wihebrink ¶¶ 23–23. ECF No. 7-7.  Accordingly, it is completely unreasonable for Defendant to believe Plaintiffs intended to admit that they did not work overtime hours.

In addition, Defendant asserts that it pays Plaintiffs according to a "billable hour" system which does not include additional pay for work performed outside of the individual therapy sessions, such as time spent working on client notes. Defendant's Statement of Undisputed Material Facts (SUMF) ¶ 7 (ECF No. 40). After the date on which the

Page 9 of 12
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Brief in Support of Motion to Withdraw Admissions
and for Extension of Time to Serve Responses

responses to Requests for Admissions were due, Defendant took the depositions of several Plaintiffs in which these Plaintiffs confirmed that they worked numerous hours beyond the therapy sessions on which their pay was based under Defendant's "billable hour" system . *See* Deposition of Stacy Wihebrink (hereinafter "Depo. Wihebrink"), March 21, 2023, 43:20–24 (estimating ten minutes per note) (ECF No. 46-1); Deposition of Paul Bailey (hereinafter "Depo. Bailey"), March 22, 2023, 20:18–21:21, 23:3–7, 26:19–25, 26:15–18, 45:12–18 (ECF No. 46-2); Deposition of Shelby Barnhill (hereinafter "Depo. Barnhill"), March 21, 2023, 35:25–37:11, 37:24–22, 51:1–14 (estimating five to ten minutes per note) (ECF No. 46-3); Deposition of Cherie Buckley (hereinafter "Depo. Buckley"), March 24, 2023, 28:14–30:7, 32:16–20, 35:1–5 (estimating eight minutes per note) (ECF No. 46-4); Deposition of Jenifer Williamson (hereinafter "Depo. Williamson"), March 21, 2023, 22:12–23:6, 24:18–25:1 (estimating twenty to thirty minutes for a progress note) (ECF No. 46-5).

    Accordingly, Defendant has not been harmed in presenting its case because it has been made aware—through Plaintiffs' Complaint, subsequent filings in this case, and through the discovery process—that Plaintiffs do not admit that they worked less than forty hours per week for Defendant or that the payroll records accurately reflect hours worked. Furthermore, that trial in this case is set for five months now provides Defendant sufficient time to analyze Plaintiffs' responses to their Requests and adjust their trial strategy accordingly, lessening any prejudice.  Therefore, the second test has been met in this case, and this Court should grant the current Motion.

    In addition to the above, permitting Defendant to prevail in this case based on less than a handful of generalized and conclusory Requests for Admissions simply does not

Page 10 of 12
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Brief in Support of Motion to Withdraw Admissions
and for Extension of Time to Serve Responses**

serve the purposes of Rule 36 and justice in general. *See Crussel,* 2007 U.S. Dist. LEXIS 24593, at *11 ("Simply put, the prospect of deeming controverted facts or issues as having been admitted is anathema to the ascertainment of the truth and the Court's innate sense of justice."). As stated in *Perez v. Miami-Dade Cty.*,

> Essentially, Rule 36 is a time-saver, designed "to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial.*" 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994) (emphasis added). That is, when a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly. When a party like Perez, however, uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources.

297 F.3d 1255, 1268 (11th Cir. 2002).

The same analysis applies in this case. Defendant should not be permitted to use Rule 36 as a procedural mechanism to absolve Defendant of all liability and resolve hotly contested issues with a few strokes of a pen. *Crussel,* 2007 U.S. Dist. LEXIS 24593, at *12–13 ("In short, the Court will not subvert the search for the truth without compellingly evident cause, and today refuses to do so merely to further rigid compliance with a procedural precept."). Accordingly, this Court should grant the current Motion and provide Plaintiffs with an opportunity to respond to the Requests for Admissions and litigate this case.

## V.     CONCLUSION

For the reasons set forth above, this Court should grant Plaintiffs permission to make untimely Answers to Requests for Admissions regarding Plaintiffs' overtime wage claims and to withdraw any admissions made.

Page 11 of 12
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Brief in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

Respectfully submitted,

**PLAINTIFF STACY WIHEBRINK,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 12 of 12
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Brief in Support of Motion to Withdraw Admissions
and for Extension of Time to Serve Responses**