IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STACY WIHEBRINK, Individually and on**                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 4:21-cv-573-DPM

**LIFE STRATEGIES COUNSELING, INC.**                     **DEFENDANT**

## RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.  INTRODUCTION

Defendant's Motion for Partial Summary Judgment must be denied in its entirety, both because Defendant's arguments are legally unsound and because Plaintiff has produced genuine issues of material fact on the issues raised by Defendant. Therefore, summary judgment is inappropriate.

### II.  STANDARD OF REVIEW

Summary judgment is proper only "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996) (citing Fed. R. Civ. P. 56(c)). "The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.* Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Eastman v. United States*, No. 06-CV-1069, 2009 U.S. Dist. LEXIS 73415, at *4 (W.D. Ark. Aug. 19, 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, (1986)).

Page 1 of 15
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

In deciding whether there is sufficient evidence favoring the nonmoving party, "the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party." *Id.* (citing *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). "Viewing the record in this light means drawing inferences in favor of the non-moving party where the evidence as a whole would permit a rational trier of fact to do so." *Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 739 (8th Cir. 2017). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed.2d 105 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

### III.   STATEMENT OF FACTS

The Statement of Relevant Facts contained in Section II of the Response to Motion to Decertify (ECF No. 46) is incorporated herein.

### IV.   ARGUMENT

A. <u>Plaintiff and Opt-In Plaintiffs Do Not Admit To Not Having Worked Any Overtime.</u>

Defendant first asks that this Court deem certain Requests for Admissions as having been admitted, arguing that the resulting admissions defeat the overtime wage claims of Plaintiff and Opt-In Plaintiffs (hereinafter collectively referred to as "Plaintiffs"). However, this argument fails for a variety of reasons. First, the Requests for Admissions relied upon by Defendant are inappropriate requests for conclusions of law. Second, the Requests for Admissions represent an inappropriate use of that particular litigation tool.

Page 2 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

And finally, Plaintiffs have requested withdrawal of any admissions they may have made, and this Court should treat the Requests for Admissions as having been denied.

1. *Legal Standards.*

Requests for admissions are governed by Rule 36 of the Federal Rules of Civil Procedure, which permits a party may serve a "written request to admit . . . the truth" of certain matters relevant to the litigation and related to "facts, the application of law to fact, or opinions about either" as well as "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Matters that have been admitted under Rule 36 may also withdrawn or amended subject to the discretion of the Court and on motion[1] of the admitting party. Fed. R. Civ. P. 36(b). Requests for admissions that are not responded to within thirty days of having been served may be deemed admitted. Fed. R. Civ P. 36(a)(3). However, "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Hogan v. Traveler's Indem. Co.*, No. 3:07CV00058 JLH, 2007 U.S. Dist. LEXIS 85475, at *2 (E.D. Ark. Nov. 7, 2007).

The Court may exercise its discretion to refuse to deem requests for admissions as admitted, even where those admissions are proper and have not been timely responded to. *Taylor-Shaw v. Bestway Rent to Own*, No. 5:09CV00329 JLH, 2010 U.S. Dist. LEXIS 34445, at *15 (E.D. Ark. Apr. 7, 2010). In exercising this discretion, Courts

---

[1] Courts take a "liberal reading" of what constitutes a "motion" under Rule 36(b), including treating late responses "as the functional equivalent of a motion to withdraw admissions." *Pitts v. City of Cuba*, No. 4:10CV00274 ERW, 2012 U.S. Dist. LEXIS 123463, at *9 (E.D. Mo. Aug. 30, 2012) (citing *Warren v. International Brotherhood of Teamsters, etc.*, 544 F.2d 334, 339-40 (8th Cir. 1974); *Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010) ("These decisions are best understood as exercising authority to permit withdrawal or amendment of admissions under Rule 36(b), because the party who admitted matters later filed with the court a pleading that was sufficient to constitute a 'motion' under a liberal reading of the rule."); *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987) (treating a motion in response to summary judgment motion, along with late responses to requests for admission, as "in essence, motions to withdraw the admissions.")).

Page 3 of 15
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

focus on the purposes of Rule 36, which are "to remove uncontested issues and to prevent delay." *Taylor-Shaw v. Bestway Rent to Own*, No. 5:09CV00329 JLH, 2010 U.S. Dist. LEXIS 34445, at *19 (E.D. Ark. Apr. 7, 2010). Accordingly, a court "should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." *Crussel v. Electrolux Home Prods., Inc.*, No. 06-CV-4042, 2007 U.S. Dist. LEXIS 24593, at *11 (W.D. Ark. Apr. 2, 2007); *See also Taylor-Shaw*, 2010 U.S. Dist. LEXIS 34445, at *19 ("When the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing."[2]).

"[T]he test for allowing withdrawal of admissions rests upon the showing of prejudice to the requesting party, and any disservice to the presentation of the truth at trial, if the requests are deemed admitted." *Id*; *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *10–11 ("The question thus is whether allowing the constructive motion to withdraw would satisfy the two-prong test for acceptance of a late admission: that acceptance would 'promote the presentation of the merits' and would not 'prejudice the requesting party'") "The same criteria are applicable in determining the allowability of late responses to requests for admissions." *Id*. "In short, the Court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." *Id*. (internal quotation marks omitted).

With respect to the first part of the test for withdrawing admissions, courts have held that "[i]f the admissions would prevent Plaintiffs from having their claims considered,

---

[2] Permitting a late response to requests for admissions is treated the same as a request to withdraw admissions, and the same legal standards guide the permissibility of both. *Crussel,* 2007 U.S. Dist. LEXIS 24593, at *11.

Page 4 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Response to Motion for Partial Summary Judgment**

allowing withdrawal promotes the presentation on the merits." *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *11. "Simply put, the prospect of deeming controverted facts or issues as having been admitted is anathema to the ascertainment of the truth and the Court's innate sense of justice." *Crussel,* 2007 U.S. Dist. LEXIS 24593, at *11.

With respect to the issue of prejudice, a party who makes requests for admissions suffers prejudice "to the extent they are harmed in presenting their case." *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *11. To assess this issue, it is "appropriate to ask whether [the defendant] could reasonably have believed that [the plaintiff] intended to admit facts which were so vital that they amounted to a complete waiver of [the defendant's] liability." *Id*. at *11–12. In analyzing the defendant's reliance on the admitted facts, the *Pitts* court held:

> This Court concludes that Defendants would not have been reasonable in believing that Plaintiffs' tardy response constituted a waiver of Defendants' liability. Defendants knew or should have known that the nature of their requests for admission would not result in information which would aid in discovery or trial preparation, as Plaintiffs would not have intended to admit facts so vital that they would have waived Defendants' liability. Because Defendants could not reasonably have relied upon Plaintiffs' late Responses as admissions, they cannot reasonably claim prejudice in allowing withdrawal of those admissions.

*Id*. at *12.

In addition, not all requests for admission are proper under Fed. R. Civ. P. 36. For example, "parties are not permitted to seek an admission as to pure conclusions of law," so requests for admissions regarding conclusions of law should not be deemed admitted even if not responded to. *See Marziale v. Correct Care Sols. LLC*, No. 5:18-CV-86-DPM, 2020 U.S. Dist. LEXIS 143872, at *23–24 (E.D. Ark. July 28, 2020).

2. *The Court should not treat the Requests for Admissions as being admitted.*

Page 5 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Response to Motion for Partial Summary Judgment**

This Court should not treat the Requests for Admissions as being admitted, because the Requests for Admissions are not the proper subjects of admissions under Rule 36; the Requests for Admissions go to the heart of the liability issues in this case and unfairly deny Plaintiffs the opportunity to litigate their claims; and Plaintiffs have specifically requested that any admissions be withdrawn and have filed their denial of the Requests for Admissions, and their argument for doing so is more fully outlined in that Motion. *See* ECF Nos. 48 & 49. Because the Requests for Admissions must be treated as denied, they cannot provide a foundation for Defendant's request for summary judgment, and Defendant's Motion for Partial Summary Judgment must be denied in its entirety.

As a basis for its summary judgment request, Defendant relies on three Requests for Admissions as follows:

1. During their employment, they worked on a part-time basis;

2. They did not work more than 40 hours in any single workweek; and

3. They did not work any overtime.

First, the Requests for Admissions improperly request admissions of legal conclusions rather than factual contentions. *See Marziale*, 2020 U.S. Dist. LEXIS 143872, at *23–24. Specifically, whether an employee is "part time" is a conclusion of law. *See Zamora v. Wash. Home Servs., LLC*, Civil Action No. 11-CV-00831 AW, 2011 U.S. Dist. LEXIS 144298, at *6–7 (D. Md. Dec. 15, 2011) ("The allegation that 'Plaintiff worked for Defendant as a full time employee' is a legal conclusion. The allegation that Washington Home did not pay Zamora (and others similarly situated) overtime wages is also a legal conclusion."). Further, even if the allegation that Plaintiffs were "part time" were a factual

Page 6 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

contention, the term "part time" is not defined and is so ambiguous as to have no meaning as an admission. Therefore, these requests are not proper under Fed. R. Civ. P. 36.

Second, the Requests for Admissions go to the heart of the liability issues in this case and unfairly deny Plaintiffs the opportunity to litigate their claims. Specifically, Plaintiffs have asserted overtime wage claims under the FLSA and AMWA against Defendant. *See* Original Complaint—Collective Action (hereinafter "Complaint") ¶ 1 (ECF No. 1). This requires that Plaintiffs establish they worked in excess of forty hours per week for Defendant. *Karnes v. Happy Trails RV Park, LLC*, 361 F. Supp. 3d 921, 935 (W.D. Mo. 2019) ("For an overtime wage claim to lie under the FLSA . . . Plaintiffs must have worked in excess of forty hours a week."). The Complaint specifically states that Plaintiff Wihebrink "estimates she billed and was paid for approximately 25 hours each week, but she regularly worked over 40 hours per week," and that "other Mental Health Professionals billed a similar number of hours and spent a similar number of hours working which went unrecorded and uncompensated." Complaint ¶ 29, 30 (ECF No. 1).

Yet, in their Requests for Admissions, Defendant asks Plaintiffs to admit that these allegations are not true. This use of requests for admissions under Fed. R. Civ. P. 36 is inconsistent with the purposes of the procedural mechanism, which are "to remove uncontested issues and to prevent delay." *Taylor-Shaw*, 2010 U.S. Dist. LEXIS 34445, at *19. Whether Plaintiffs worked in excess of forty hours per week (overtime hours) is clearly an issue that is contested in this case, and the allegations of the Complaint make clear that Plaintiffs deny that they worked less than forty hours per week. Without any factual embellishment whatsoever, Defendant simply asks Plaintiffs to deny the allegations of the Complaint and thereby concede the most basic and necessarily element

Page 7 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

of their claim. This Court is not required to deem unanswered requests for admissions as having been admitted, and under these circumstances, this Court should exercise its discretion to refuse to deem these statements as admitted.

Third, Plaintiffs have responded to Defendant's Requests for Admissions and have petitioned this Court to permit their late responses and to permit them to withdraw any admissions made. This Court should grant Plaintiff's requests for late filing and to withdraw admissions because doing so furthers the purposes of Rule 36, permits Plaintiffs to proceed on the merits of their claim, and does not prejudice Defendant.

As set forth above, the standard for permitting late responses and withdrawing admissions is the same and involves a two-prong test: that acceptance would promote the presentation of the merits and would not prejudice Defendant. *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *10–11; *Crussel*, 2007 U.S. Dist. LEXIS 24593, at *11. The first test asks whether "the admissions would prevent Plaintiffs from having their claims considered." *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *11. Since Plaintiffs' overtime wage claims fully rest on Plaintiffs having performed overtime work (i.e., hours worked in excess of forty per week), the admissions Defendant has sought would prevent Plaintiffs from having their claims considered. Therefore, this factor weighs in favor of Plaintiffs.

The second test focuses on prejudice to Defendant, which asks whether Defendant will be harmed in presenting its case if Plaintiffs are allowed to make their denials. *Pitts*, 2012 U.S. Dist. LEXIS 123463, at *11. In assessing this issue, the Court may ask whether Defendant could reasonably have believed that Plaintiffs intended to admit these facts, which were "so vital that they amounted to a complete waiver of [Defendant's] liability." *Id*. Again, the Requests at issue ask Plaintiffs to admit the most fundamental aspect of

Page 8 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

their claim with no factual embellishment whatsoever. Further, these alleged "facts" are directly contradicted by the allegations of the Complaint in this case, as discussed above. They are also directly contradicted by Plaintiff Wihebrink's statements in support of her Motion for Conditional Certification (ECF No. 9), in which she states that she worked hours in excess of forty per week for which she was not paid overtime wages, described the work that she performed for Defendant that resulted in the unpaid overtime, and confirmed that other mental health professionals worked similar hours and conditions. Declaration of Stacy Wihebrink ¶¶ 23–23. ECF No. 7-7. Accordingly, it is completely unreasonable for Defendant to believe Plaintiffs intended to admit that they did not work overtime hours.

In addition, Defendant asserts that it pays Plaintiffs according to a "billable hour" system which does not include additional pay for work performed outside of the individual therapy sessions, such as time spent working on client notes. Defendant's Statement of Undisputed Material Facts (SUMF) ¶ 7 (ECF No. 40). After the date on which the responses to Requests for Admissions were due, Defendant took the depositions of several Plaintiffs in which these Plaintiffs confirmed that they worked numerous hours beyond the therapy sessions on which their pay was based under Defendant's "billable hour" system . *See* Deposition of Stacy Wihebrink (hereinafter "Depo. Wihebrink"), March 21, 2023, 43:20–24 (estimating ten minutes per note) (ECF No. 46-1); Deposition of Paul Bailey (hereinafter "Depo. Bailey"), March 22, 2023, 20:18–21:21, 23:3–7, 26:19–25, 26:15–18, 45:12–18 (ECF No. 46-2); Deposition of Shelby Barnhill (hereinafter "Depo. Barnhill"), March 21, 2023, 35:25–37:11, 37:24–22, 51:1–14 (estimating five to ten minutes per note) (ECF No. 46-3); Deposition of Cherie Buckley (hereinafter "Depo.

Page 9 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

Buckley"), March 24, 2023, 28:14–30:7, 32:16–20, 35:1–5 (estimating eight minutes per note) (ECF No. 46-4); Deposition of Jenifer Williamson (hereinafter "Depo. Williamson"), March 21, 2023, 22:12–23:6, 24:18–25:1 (estimating twenty to thirty minutes for a progress note) (ECF No. 46-5).

Accordingly, Defendant has not been harmed in presenting its case because it has been made aware—through Plaintiffs' Complaint, subsequent filings in this case, and through the discovery process—that Plaintiffs do not admit that they worked less than forty hours per week for Defendant. Therefore, the second test has been met in this case, and this Court should deny Defendant's request to treat the Requests as having been admitted.

In addition to the above, permitting Defendant to prevail in this case based on less than a handful of generalized and conclusory Requests for Admissions simply does not serve the purposes of Rule 36 and justice in general. *See Crussel,* 2007 U.S. Dist. LEXIS 24593, at *11 ("Simply put, the prospect of deeming controverted facts or issues as having been admitted is anathema to the ascertainment of the truth and the Court's innate sense of justice."). As stated in *Perez v. Miami-Dade Cty.*,

> Essentially, Rule 36 is a time-saver, designed "to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial*." 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994) (emphasis added). That is, when a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly. When a party like Perez, however, uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources.

Page 10 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Response to Motion for Partial Summary Judgment**

297 F.3d 1255, 1268 (11th Cir. 2002). The same analysis applies in this case. Defendant should not be permitted to use Rule 36 as a procedural mechanism to absolve Defendant of all liability and resolve hotly contested issues with a few strokes of a pen. *Crussel,* 2007 U.S. Dist. LEXIS 24593, at *12–13 ("In short, the Court will not subvert the search for the truth without compellingly evident cause, and today refuses to do so merely to further rigid compliance with a procedural precept.")

For the reasons set forth above, this Court should reject Defendant's request to deem the Requests for Admissions to be admitted and should, in turn, deny Defendant's request for summary judgment based on the Requests for Admissions.

> B.  "Part-Time" Opt-In Plaintiffs Do Claim Overtime Hours Worked.

Defendant argues that certain Opt-In Plaintiffs must be dismissed because their pay stubs reflect too few "billable" hours to have worked any overtime hours—hours in excess of forty per week. However, Plaintiffs have produced evidence of work sufficient performed that a reasonable jury could determine that even Plaintiffs identified by Defendant as "part-time" could have worked hours in excess of forty per week. Therefore, Defendant's request for summary judgment on this issue must be denied.

To begin with, four of the Opt-In Plaintiffs identified by Defendant in this section—Michael L. Evans, Kenya Liddell, Tequlia Pickrom and Casey Butler—are also identified as being barred by the applicable statute of limitations. Plaintiffs concede that these Opt-In Plaintiffs should be dismissed for this reason.

However, Opt-In Plaintiffs Lisa Austion and Sasha O'Quinn have produced evidence supporting a finding that even employees categorized by Defendant as "part-time" can work hours in excess of forty per week. Specifically, Opt-In Plaintiff Laura

Page 11 of 15
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

Austion described the types of work that she performed that was not captured in "billable" or other hours that she worked for Defendant that Defendant identified compensable in payroll records. *See* Exhibit 1, Declaration of Laura Austion (hereinafter "Decl. Austion") ¶ 8–13. This work includes client intake paperwork, treatment plan development, scheduling and preparation prior to therapy sessions, as well as completion of notes and updates after therapy sessions and travel time. *Id*. at ¶ 9. Plaintiff Austion estimates that she performed an average of 30 hours of work for which she was not paid and that are not reflected in the "billable" or other hours identified in Defendant's records. *Id*. at ¶ 12.

Comparing this average to payroll records Defendant maintained for Ms. Austion supports a finding that Ms. Austion worked in excess of forty hours per week in at least some weeks for Defendant. Specifically, Defendant's pay records for Ms. Austion reflect that for the two-week pay period between March 1, 2021, and March 15, 2021, Ms. Austion had 32.5 "Regular" hours, one "MISC (field 3)" hour and one "STAF (field 3)" hour, for a total of 34.5 hours. *See* Records for Laura Austion, LSCI_000354 (ECF No. 38-2, p. 580). Assuming this time is divided evenly across the two-week pay period results in 17.25 hours each week. Combining this time with Ms. Austion's estimate of 30 hours per week of additional work brings Ms. Astion's hours for this pay period up to 47.25 in both weeks. This results in 7.25 hours of overtime in both of these weeks for which Ms. Austion was not properly compensated.

Similarly, for the pay period between March 16, 2021, and March 31, 2021, Defendant's records reflect 23.25 "Regular" hours. *See* Records for Laura Austion, LSCI_000355 (ECF No. 38-2, p. 581). Dividing this time evenly between both weeks results in 11.26 hours each week, which is 41.26 hours each week when adding in the 30

Page 12 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

additional hours estimated by Ms. Astion. This results in 1.26 hours of overtime in both of these weeks for which Ms. Austion was not properly compensated.

Opt-In Plaintiff Sasha O'Guinn estimates that she worked 25 to 30 hours for which she was not paid and that are not reflected in the "billable" or other hours identified in Defendant's records. *See* Exhibit 2, Declaration of Sasha O'Guinn (hereinafter "Decl. O'Guinn") ¶ 12. Defendant's pay records for Ms. O'Guinn reflect that for the two-week pay period between December 1, 2021, and December 15, 2021, Ms. O'Guinn had 34.5 "Regular" hours and one "STAF (field 3)" hour, for a total of 35.5 hours. *See* Records for Sasha O'Guinn, LSCI_000151 (ECF No. 38-2, p. 255). Assuming this time is divided evenly across the two-week pay period results in 17.75 hours each week. Combining this time with Ms. O'Guinn's estimate of 25–30 hours per week of additional work brings Ms. O'Guinn's hours for this pay period up to 42.75 to 47.75 in both weeks. This results in 2.75 to 7.75 hours of overtime in both of these weeks for which Ms. O'Guinn was not properly compensated.

Based on this evidence, a reasonable finder of fact could determine that even Opt-In Plaintiffs categorized by Defendant as part-time can establish an overtime wage violation in this case. Therefore, Defendant's request for summary judgment must be denied.

C. <u>Plaintiffs Concede that the Statute of Limitations Bars the Claims of Certain Opt-In Plaintiffs</u>

Because they filed their Consents to Join herein more than three years following their last date of employments, Plaintiffs concede the dismissal of Opt-In Plaintiffs Michael L. Evans, Kenya Liddell, Tequlia Pickrom and Casey Butler.

Page 13 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

### D. The Regular Rate Should be Calculated Consistent with 29 C.F.R. § 778.109

The FLSA and AMWA require employers to pay their employees minimum wages for all hours worked through forty per week, and overtime wages at a rate of one and one-half times the employees' "regular rate" for all hours worked over forty per week, unless a valid exemption[3] applies to the employees. *See* 29 U.S.C. § 206; 29 U.S.C. § 207; *See also* 29 U.S.C. § 213; Ark. Code Ann. § 11-4-210; Ark. Code Ann. § 11-4-211. The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee," with only select limited exceptions. 29 U.S.C. § 207(e); 29 C.F.R. § 778.109. "If the employee is employed solely on the basis of a single hourly rate, the hourly rate is the 'regular rate.'" 29 C.F.R. § 778.110. Otherwise, the "regular rate" must be calculated.

"'The keystone of Section [207(a)] is the regular rate of compensation,' and using the correct method of calculating the regular rate is 'of prime importance.'" *Alston v. DirecTV, Inc.*, 254 F. Supp. 3d 765, 792 (D.S.C. 2017) (citing *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S. Ct. 1242, 89 L. Ed. 1705 (1945)).

There are a variety of payment structures that an employer can utilize to pay employees, including a day rate, piece work salary and hourly pay, and each has a mechanism to calculate the regular rate. *See e.g.*, 29 C.F.R. § 778.109–778.122. Defendant asserts that he has paid Plaintiffs on a "task" basis. 29 C.F.R. § 778.312. In many cases, "[t]he regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the

---

[3] Exemptions and exceptions to this requirement are duties-based and categorical. *See e.g.*, 29 U.S.C. §§ 203(m), 207(k), 213, 214.

Page 14 of 15
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment

total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

While Plaintiffs believe there are arguments for correctly calculating damages in a different manner, for the sake of efficiency, Plaintiffs will agree to calculate their damages in a manner consistent with 29 C.F.R. § 778.109. More particularly, the regular rate will be calculated by dividing the total remuneration to Plaintiffs (except statutory exclusions) by the total number of hours worked for each workweek at issue. Plaintiffs are currently in the process of amending their damages calculations to conform with such a calculation methodology. The amended damages calculations will be served on Defendant as soon as practicable.

## V.  CONCLUSION

For the reasons stated above, Defendant's request for summary judgment must be denied in its entirety.

Respectfully submitted,

**PLAINTIFF STACY WIHEBRINK,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 15 of 15
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Motion for Partial Summary Judgment