IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STACY WIHEBRINK, Individually and on Behalf of All Others Similarly Situated**                                **PLAINTIFF**

vs.                                  No. 4:21-cv-573-DPM

**LIFE STRATEGIES COUNSELING, INC.**                                **DEFENDANT**

### DECLARATION OF SASHA O'GUINN

I, Sasha O'Guinn, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Sasha O'Guinn, and I am over the age of eighteen and duly qualified to execute this declaration.

2. I am a resident and domiciliary of the State of Arkansas.

3. I am an Opt-In Plaintiff in this case and was employed by Defendant Life Strategies Counseling, Inc. ("Defendant"), as a Mental Health Professional.

4. Defendant operates a mental health treatment system and offers mental health treatment services to children, adolescents, adults, and couples, along with group psychotherapy. The mental health treatment includes treatment for depression, anxiety, stress, childhood abuse and trauma, family and relationship issues, grief and loss, and addiction recovery.

5. To provide the services that Defendant offers to its clients, Defendant employs Mental Health Professionals ("MHPs") like me, whose primary job duties include assessing, referring, and treating patients. Treatment we provide includes

Page 1 of 3
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Declaration of Sasha O'Guinn

Doc ID: 34d6dd3cbb1e0724168be04510ddba8f989e4a6b

counseling, crisis intervention, discharge planning, and follow-up care in clinic and community settings.

6. Defendant pays its MHPs an hourly rate for some of hours that we work.

7. Specifically, it was Defendant's policy to pay MHPs only for the hours which Defendant could bill to the patients' insurance or to Medicaid, the hours during which we actually saw the patients.

8. My pay records for Defendant reflect pay for what Defendant refers to as "billable" hours. The "billable" hour represents pay for individual and family therapy sessions that are paid for by Medicaid or private insurance. I also received pay for group therapy sessions that are paid for by Medicaid or private insurance. Group sessions are paid per client per fifteen-minute increment.

9. There is a significant amount of work that goes into individual, family and group therapy sessions beyond the actual therapy session itself. This work includes client intake paperwork, treatment plan development, scheduling and preparation prior to therapy sessions, as well as completion of notes and updates after therapy sessions. There is also a significant amount of travel time between schools or therapy sessions at client homes for client appointments.

10. Defendant required me and other MHPs to perform these tasks as part of our job, and these tasks were necessary as part of the services that we provided to Defendant's clients.

11. There were some hours that I worked for Defendant that Defendant paid at a rate of ½ my billable hourly rate, such as staffing meetings. However, I was not paid for all of these hours, as Defendant placed limits on the amount of time that I could be

Page 2 of 3
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Declaration of Sasha O'Guinn

Doc ID: 34d6dd3cbb1e0724168be04510ddba8f989e4a6b

compensated for these tasks even though these tasks could take longer than the amount Defendant paid for them.

12. I refer to those tasks that I performed that were related to the therapy sessions but are not captured in "billable" pay as "non-billable." I estimate that I spent 25–30 hours per week performing non-billable work. These are hours that are not reflected in the "billable" or other hours identified in Defendant's records of my pay and hours.

13. The "billable" hours reflected in my pay stubs therefore do not capture all of the hours I worked for Defendant.

14. When accounting for all of my "billable" time plus all of my time spent in non-billable work, I know that there were weeks in which I worked in excess of forty hours for Defendant.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 11th day of May, 2023.

_____
**SASHA O'GUINN**

Page 3 of 3
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Declaration of Sasha O'Guinn

Doc ID: 34d6dd3cbb1e0724168be04510ddba8f989e4a6b