IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STACY WIHEBRINK, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 4:21-cv-573-DPM

**LIFE STRATEGIES COUNSELING, INC.**            **DEFENDANT**

## RESPONSE TO STATEMENT OF UNDISPUTED FACTS

Plaintiff Stacy Wihebrink, individually and on behalf of all others similarly situated, by and through her attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, hereby submits her Response to Defendant's Statement of Undisputed Facts and states as follows:

1. Life Strategies Counseling, Inc. ("LSCI") provides mental health services. Services are provided from various offices, in client homes and in schools. Ex. A.

**RESPONSE NO. 1:** Admitted.

2. The types of therapy are individual, family, and group therapy. Ex. A.

**RESPONSE NO. 2:** Admitted.

3. Life Strategies Counseling, Inc. hires mental health professionals to provide mental health therapy. A mental health professional may be part-time, full-time or even PRN.

**RESPONSE NO. 3:** Objection. Plaintiffs object to this Statement because it contains irrelevant factual assertions. Rule 56.1(a) of the Local Rules of the United States

Page 1 of 9
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Response to Statement of Undisputed Facts**

District Court for the Eastern and Western Districts of Arkansas states that a party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried." A fact is "material" only "if its resolution affects the outcome of the case." *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012); *Moss v. Texarkana Ark. Sch. Dist.*, 240 F. Supp. 3d 966, 972 (W.D. Ark. 2017). Whether mental health professionals are categorized by Defendant as part-time or full-time does not affect the outcome of the case.

Subject to the objection, Plaintiff admits that Defendant hires mental health professionals to provide mental health therapy and tasks related to providing such therapy, including paperwork, scheduling, traveling between therapy sessions, and attending staffing. *See* Exhibit 1 to Plaintiff's Response to Defendant's Motion to Decertify, Deposition of Stacy Wihebrink (hereinafter "Depo. Wihebrink"), March 21, 2023, 26:7–13, 28:13–16, 29:2–12, 30:15–21, 35:23–36:5, 36:12–14, 41:7–9; Exhibit 2 to Plaintiff's Response to Defendant's Motion to Decertify, Deposition of Paul Bailey (hereinafter "Depo. Bailey"), March 22, 2023, 20:11–12, 22:22–23:3, 26:4–11, 32:24–33:1, 35:9–11, 39:8–15; Exhibit 3 to Plaintiff's Response to Defendant's Motion to Decertify, Deposition of Shelby Barnhill (hereinafter "Depo. Barnhill"), March 21, 2023, 20:19–22, 28:13–15, 37:14–23; Exhibit 4 to Plaintiff's Response to Defendant's Motion to Decertify, Deposition of Cherie Buckley (hereinafter "Depo. Buckley"), March 24, 2023, 25:18–26:21, 31:11–17, 32:21–24, 47:22–24; Exhibit 5 to Plaintiff's Response to Defendant's Motion to Decertify, Deposition of Jenifer Williamson (hereinafter "Depo. Williamson"), March 21, 2023, 21:11–15, 22:12–21, 24:18–25:6, 20:19–22.

Page 2 of 9
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Statement of Undisputed Facts

4. A person who is part-time will bill on average less than twenty-two (22) hours per week. This designation of part-time versus full-time is primarily based on the for meeting the requirements of the Affordable Care Act. Full-time does not denote a person works forty (40) hours or more during a workweek. Ex. A.

**RESPONSE NO. 4:** Objection. Plaintiff incorporates herein her objection to Statement No. 3. Defendant point out that its full-time and part-time categories are aimed at addressing the Affordable Care Act, not addressing hours worked. In addition, these categories address billing, not actual hours worked, which is the crux of the current litigation. Subject to the objection, Plaintiff admits that Defendant categorizes mental health professionals as "part-time" or "full-time" based on a system that does not reflect or take into consideration actual hours worked.

5. When employees begin, on-site training is provided. At the time of training, a person does not have any active clients with LSCI and is not required to perform the tasks required to bill for therapy. Ex. A.

**RESPONSE NO. 5:** Admitted.

6. Tequlia Pickrom and Casey Butler did not bill any hours. Each only completed her training. Ex. A.

**RESPONSE NO. 6:** Admitted, and Plaintiffs have agreed to the dismissal of these opt-ins based on the statute of limitations.

7. When a mental health professional is hired, that individual learns of the rate to be paid per billable hour. A billable hour requires that the person complete the tasks necessary for payment by either Medicaid or private insurance. Ex. A.

**RESPONSE NO. 7:** Admitted.

Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Statement of Undisputed Facts

8. Separately, group therapy is paid based on the tasks necessary for payment for that therapy. The payment amount depends on the size of the group (from 2 to 10 clients) and the units involved. Ex. A.

**RESPONSE NO. 8:** Admitted.

9. Training/inservice/staffing is paid separately. The rate is one-half the billable hour rate. No billable hour work is included in payment for training/inservice/staffing. Ex. A.

**RESPONSE NO. 9:** Plaintiff admits that some training/inservice/staffing time was paid separately, but denies that Defendant made payments to cover all such time. Depo. Bailey 39:2–15 (not all staffing time was paid).

10. At the end of 2019, Life Strategies Counselling, Inc. changed payroll companies. With that change, Life Strategies Counseling, Inc. transitioned from biweekly pay to semimonthly pay. Ex. A.

**RESPONSE NO. 10:** Admitted.

11. In reviewing the pay records produced the following individuals were billed on a weekly basis in either the single digits or the low double digits or teens: Lisa Auston, Beverly Counts, Sabrina Dickerson, Michael Evans, Ashley Haliburton, Kenya Liddell, and Sasha O'Guinn. Ex. A.

**RESPONSE NO. 11:** Admitted that this is what the pay stubs reflect, but denied that the pay records accurately reflect all hours worked by these individuals. Defendant's billable-hour system meant that Plaintiffs were paid only if they met all of the requirements for billing a patient's insurer, which required task completion and paperwork outside of the actual therapy sessions. *See* Statement No. 7. In order to be paid for this work, Plaintiffs

Page 4 of 9
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Statement of Undisputed Facts

had to perform work outside of the therapy session, including complying with billing requirements of the payor, primarily the standard requirements of the Medicaid program. Depo. Wihebrink, 29:2–15, 31:1–23 (in order to bill a therapy session, she had to do client scheduling, compliance check, research and paperwork, which included Medicaid and Optum paperwork requirements); Depo. Bailey, 34:19–35:11 (describing tasks necessary to bill for a session), 43:18–23 (estimating that 80% of clients were Mediciaid); Depo. Barnhill, 20:4–12 (discussing additional tasks beyond the therapy session necessary to make therapy time billable, including necessary documentation); Depo. Buckley, 46:2–13 (all of her clients were on Medicaid and she had to comply with Medicaid rules, including proper paperwork requirements); Depo. Williamson, 25:25–26:7, 45:3–15 (work had to comply with Medicaid rules in working with Medicaid patients, including that patient times could not overlap and the chart had to be in compliance with Medicaid requirements). Failure to meet requirements could result in Plaintiffs not being paid for their work. Depo. Wihebrink, 29:2–15; Depo. Bailey, 34:19–24; Depo. Barnhill, 29:11–30:10; Depo. Buckley, 46:2–13; Depo. Williamson, 39:10–14, 46:4–10

It is this standard system of payment that underlies Plaintiffs' claims in this case. Plaintiffs performed substantial amounts of work beyond the therapy sessions for which they are paid a "billable hour," including scheduling, traveling, and note recording. Yet, Defendant's "billable hour" pay structure did not account for overtime wages for work performed in excess of forty per week. Therein lies the uniform overtime wage violation alleged by Plaintiffs.

12. The following individuals were last employed in various states in 2018: Michael L. Evans, Kenya Liddell, Tequilia Pickrom, and Casey Butler. Ex. A.

Page 5 of 9
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Statement of Undisputed Facts

**RESPONSE NO. 12:**  Admitted.

13.     When employees began their work, they sign an agreement which indicates their billable hour rate. Ex. A.

**RESPONSE NO. 13:**  Admitted.

14.     On June 25, 2021, Plaintiff Wihebrink filed suit. Ms. Wihebrink did not file consent to join. Doc. 1.

**RESPONSE NO. 14:**   Objection. Plaintiff objects to this Statement because whether Plaintiff filed a Consent to Join herein is irrelevant. As set forth in Response to Statement No. 3, incorporated herein, irrelevant statements are not "material" and therefore are not proper subjects for a Statement of Undisputed Material Facts. Specifically, the FLSA provides for employees to pursue claims against employers on behalf of "themselves and other employees similarly situated," and provides a mechanism for joining a collective through the filing of a consent to join. *Acosta v. Tyson Foods, Inc.*, 800 F.3d 468, 471–72 (8th Cir. 2015) (citing 29 U.S.C. § 216(b)). The requirement of filing a consent to join a collective includes named plaintiffs. *Davenport v. Charter Communs., LLC*, No. 4:12CV00007 AGF, 2017 U.S. Dist. LEXIS 31076, at *96–97 (E.D. Mo. Mar. 6, 2017).

However, "claims may be brought in a dual capacity," meaning a complaint may state both individual claims and collective claims. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 135859, at *16-17 (E.D. Ky. May 28, 2008). A complaint adequately states an individual claim so long as it "clearly put[s] the employer and the court on notice" of the plaintiff's intent to file in an individual capacity. *Niamath v. SCMD, LLC*, Civil Action No. GLR-14-1809, 2018 U.S. Dist. LEXIS 230576,

Page 6 of 9
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Statement of Undisputed Facts

at *6 (D. Md. May 30, 2018). Where the complaint states an individual claim, the individual claim is commenced upon the filing of the complaint for the named plaintiff without a need for filing a consent to join. *Carter v. Sungard Availability Servs., LP*, No. 2:17-cv-03639, 2019 U.S. Dist. LEXIS 38275, at *9 (E.D. Pa. Mar. 11, 2019); *See also Depalma v. The Scotts Co., LLC*, No. 13-7740 (KM) (JAD), 2019 U.S. Dist. LEXIS 85804, at *10–11 (D.N.J. May 21, 2019). Plaintiff's Original Complaint—Collective Action (ECF No. 2) clearly states that the claim is brought both "individually and on behalf of all others similarly situated," and also sets out a specific cause of action for Plaintiff's individual claims. *See* Plaintiff's Original Complaint—Collective Action ¶¶ 46–56.

Further, the FLSA does not require a plaintiff's written consent to be in any particular form. The point of the written consent is "to make . . . uncertain plaintiffs certain, and actual participants, so that defendants could know the parties and the charges with which they were to be faced". *Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-CV-6074, 2017 U.S. Dist. LEXIS 125945, at *22-23 (W.D. Ark. Aug. 9, 2017) (quoting *Lee v. Vance Exec. Prot., Inc.*, 7 F. App'x 160, 166-67 (4th Cir. 2001)). Any signed writing that states the basis for the plaintiff's claim and identifies the plaintiff as a claimant should suffice. *Id*.

In the signed Declaration (ECF No. 9-7) that Plaintiff Wihebrink filed with the Motion for Conditional Certification of this collective action, Plaintiff Wihebrink repeated the allegations in the Complaint and expressed the expectation that others would join his lawsuit. Specifically, Plaintiff Wihebrink confirmed that, as a mental health professional for Defendant, she worked hours in excess of forty per week for which she was not paid overtime wages, that other mental health professionals were subject to the working circumstances and pay policies, and that she and "believe[d] that there would be others

Page 7 of 9
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Statement of Undisputed Facts

that would want to join this lawsuit if notice were sent to them and they were made aware of their right to claim lawful wages." Declarations of Wihebrink ¶¶ 27–29, 32. ECF No. 9-7.

15. On April 26, 2022, the Court conditionally certified a collective of individuals who had performed work for Life Strategies Counseling, Inc., as mental health therapists. Doc 14.

**RESPONSE NO. 15:** Admitted.

16. Life Strategies Counseling, Inc. sent Requests for Admissions to Plaintiff and all of all Opt-ins on November 29, 2022. See Exhibit B.

**RESPONSE NO. 16:** Admitted.

17. According to the Final Scheduling Order, the discovery deadline passed on March 15, 2023, and no answers to requests for admissions were provided. Docs. 8, 36.

**RESPONSE NO. 17:** Denied. Plaintiffs have provided Defendant with answers to requests for admissions as of May 12, 2023.

18. At a date agreed by counsel, Notices of deposition were sent for several employees. Opt-ins Cathleen West and Destiny Wineland failed to appear. See Exhibit C.

**RESPONSE NO. 18:** Admitted.

19. Four opt-ins submitted consents to join filed over three (3) years after their date of last employment:

|  | Date of Consent to Join | Last Workweek |
|---|---|---|
| • Michael L. Evans | May 6, 2022 (Doc. 15) | July 19, 2018 |
| • Kenya Liddell | May 9, 2022 (Doc. 16) | September 9, 2018 |
| • Tequlia Pickrom | May 25, 2022 (Doc. 21) | December 6, 2018 |

Page 8 of 9
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Statement of Undisputed Facts

- Casey Butler         July 18, 2022 (Doc. 29)         July 19, 2018

**RESPONSE NO. 19:**  Admitted.

        Respectfully submitted,

        **PLAINTIFF STACY WIHEBRINK,
Individually and on Behalf of
All Others Similarly Situated**

        SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

        Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

        Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 9 of 9
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Response to Statement of Undisputed Facts