**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**STACY WIHEBRINK, Individually and on
Behalf of All Others Similarly Situated**                                                       **PLAINTIFF**

**v.**                          **CASE NO. 4:21-CV-573-DPM**

**LIFE STRATEGIES COUNSELING, INC.**                                       **DEFENDANT**

<u>**REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT**</u>

      Comes Defendant, Life Strategies Counseling, Inc., by and through its attorneys, Womack Phelps Puryear Mayfield & McNeil, P.A., and for its Reply to Response to Motion for Summary Judgment, states:

      1.     Plaintiff and the Opt Ins concede the dismissal of opt-ins Michael L. Evans, Kenya Liddell, Tequlia Pickrom, and Casey Butler.

      2.     Plaintiff and the Opt Ins also concede the regular rate calculation.

      3.     Plaintiff the Opt Ins should be held to their admissions.  For instance, Opt Ins Austion, Burks, Counts, Evans and Haliburton admitted that there was no overtime, and after the discovery deadline and the motions deadline, filing their motion to withdraw late.

      4.     None of the Plaintiffs offered an estimate in their disclosures of the overtime wages claimed and have failed to meet proof with proof.

      5.     Similarly, Opt-ins Austion and O'Guinn seek to claim hours worked not previously asserted and inadequate under applicable law.  The assertion is that each worked at least two or three hours for every hour billed, in contrast to Plaintiff and other Opt-Ins who a are expected to claim a lower multiple.  Further, the hours claimed does not vary with the billable hours.

6. Defendant previously briefed decertification; Plaintiff and the Opt-ins withheld these assertions until responding to this Motion.

7. For the foregoing reasons, Defendant requests Summary Judgment as to the issues conceded and as requested concerning the admissions. Alternatively, Defendant requests partial summary judgment as to Opt-ins Auston, Burks, Butler, Counts, Dickerson, Evans, Haliburton, O'Guinn, Pickrom, West and Wineland, and as to the calculation of the regular rate.

WHEREFORE, premises considered, Defendant prays that its Motion for Summary Judgment be granted, and for any and all other proper relief.

Respectfully submitted,

Mark Mayfield (Bar No. 93180)
WOMACK PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.
P. O. Box 3077
Jonesboro, AR 72403
Phone: (870) 932-0900
Fax: (870) 932-2553
mmayfield@wpmfirm.com
*Attorneys for Defendant, Life Strategies Counseling, Inc.*

**BRIEF IN SUPPORT OF REPLY TO RESPONSE FOR
MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff and the Opt Ins ask this Court to allow them to proceed with denials and objections offered after the deadlines have passed and without certain Opt-Ins providing any substantive details of how much they claim they worked. Two Opt Ins failed to appear for their depositions. The Court should not be required to speculate as to what proof Plaintiff might offer and Life Strategies should

not be required to hear the substance of some Opt Ins' claims at trial. The Request for Admissions were intended to weed out those Opt Ins who could offer admissible proof to support their overtime claims (if any) from those who were not. The problems experienced here are not new. Defendant stands on its Motion for Summary Judgment.

Further, and in the alternative, Opt Ins should be dismissed who have not submitted the necessary proof to proceed on their claims. To date, Plaintiffs have not submitted an estimate that they intend to be considered by the Court, although they suggest revising their estimates.[1] Plaintiffs have conceded Opt Ins Butler, Evans, Liddell, and Pickrom have no claims. Opt-ins Austion and O'Guinn have offered bare estimates which fall short of the standards required in this Circuit. Opt Ins Burks, Counts, Dickerson, and Haliburton offer no estimates of hours worked. Partial Summary Judgment is alternatively requested as to the two who provided a declaration and those who did not.

The conceded regular rate method narrows the issues as it removes straight time claims from the case.

## II. LEGAL ANALYSIS

**A.  Plaintiff and the opt-ins admit no overtime**.

Plaintiff and the Opt Ins seemingly agree that the Admissions would result in judgment for Life Strategies. They spend eight (8) pages seeking to withdraw their admissions. One of the difficulties presented in these cases is the lack of information or willingness to provide information by Plaintiff and the Opt Ins. All are college educated and are, or have been, licensed professionals in the State of Arkansas. Their profession requires documentation of their work. Their inability to respond to discovery is inexplicable.

---

[1] Plaintiff and the Opt Ins have not provided an estimate of their claims through their disclosures. Defendant has received an estimate that was submitted in the context of settlement negotiations and is protected by Rule 408.

Counsel thought it worthwhile to provide some basic Requests for Admissions so that these Plaintiffs would answer, on their oath, whether they really believed they had a claim. Several had facially invalid claims from review of the pay records which were produced by Life Strategies, but had not abandoned those claims. Requests for admissions are faster and less expensive than conducting twenty (20) plus depositions. Plaintiff and the Opt Ins did not respond to written discovery.

None of the requests for admission involve pure issues of law. The question of whether a person worked more than forty (40) hours a week is a factual matter. Another point to admit, stated a different way, is whether the person claims overtime. Experiences suggests that submitting admissions with subtle different iterations is more likely to reduce the opportunity for miscommunication. The fact that a person is part time as opposed to full-time is a factual point to be used in cross-examination if a person later claim they worked more than forty (40) hours in a week. Plaintiffs and the Opt Ins admitted all of these items before the discovery deadline.

Recognizing that the Court has discretion in such matters, Life Strategies asks the Court to consider its own scheduling as well as what opportunity Life Strategies has lost to gather information. Had Plaintiff and the Opt Ins provided responses to the requests for admissions before now, Defendant could have located and listed additional witnesses to refute the proposed denials.[2] *See, e.g., Crussel v. Electrolux Home Prods., Inc.*, No. 06-CV-4042, 2007 WL 1020444, at 3-4 (W.D. Ark. Apr. 2, 2007) (noting considerations). Of course, Plaintiff's and the Opt In's arguments do nothing to take away the prejudice to Life Strategies occasioned by the sought withdrawal /amendment will cause. The discovery deadline has passed. In *Altheimer v. Hosto and Buchan Law Firm*, the plaintiff claimed Title VII race discrimination and retaliation. No. 4:07CV00045 JLH,

---

[2]Plaintiff and the Opt Ins also offer objections that are untimely, which are improper.

2007 WL 2750670, at 1 (E.D. Ark. Sept. 18, 2007). Plaintiff failed to respond, so two weeks later, counsel moved for dismissal, which was granted. *Id.* at 3. Here, Plaintiff and the Opt Ins waited a longer time until their response to the Motion for Summary Judgment was due.

The outcome depends at least in part on the party's attempt to respond in a timely manner. *See, eg, Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1313 (8th Cir. 1983); *Raiser v. Utah County,* 409 F.3d 1243, 1246 (10th Cir. 2005). Opt Ins West and Wineland failed to appear for depositions in March, yet now offer answers and objections  *See Exhibit C to Mot. for Summary Judgment.* No effort has been made to mitigate that prejudice to Life Strategies. *See also Quasius v. Schwan Food Co.,* 596 F.3d 947, 952 (8th Cir. 2010) (considering efforts of plaintiff to respond in sustaining admissions). Likewise, Plaintiff and the Opt Ins have not provided full and complete answers. Instead, they have offered untimely objections

For the first time, Opt Ins Austion and O'Guinn, who billed no more than the teens, now assert that they actually worked twenty-five (25) and thirty (30) hours outside of billable hours, a new contention. At least one other, Ms. Counts, seeks to rely on simple denials and failures to recall, without even proffering a fact-based estimate of hours worked. While the discovery responses proposed do not create an issue of fact, Life Strategies has nonetheless lost its opportunity to develop some of the facts necessary to test and rebut these points from the Opt Ins.

For those who were deposed, the fact that a matter is covered in a deposition does not substitute for the response to the requests for admissions. *See United States v. Kasuboski,* 834 F.2d 1345, 1349 (7th Cir. 1987).

**B.    Part-time Opt Ins who billed the single digits to teens did not claim over forty (40) hours worked.**

Plaintiffs only concede that four (4) Opt Ins have claims that should be dismissed. Of the remaining Opt Ins that were listed under the part-time category, Plaintiff and the Opt Ins fail to

provide any response other than their attempt to withdraw their Requests for Admissions. Even if the motion to withdraw is granted, Opt Ins Austion, Burks, Counts, Dickerson, Haliburton, and O'Guinn should still be dismissed as Plaintiffs have failed to offer proof of overtime. Ms. Austion and Ms. O'Guinn allege non-specific, number-in-the-sky estimates which are insufficient to survive summary judgment, *See, Rapp v. Network of Community Options, Inc.,* 3 F.4th 1084, 1088 (8th Cir. 2021). None provided disclosures where they estimated some hours.[3]

**C. Statute of Limitations bars claims of Opt Ins who last worked in 2018.**

Plaintiff has conceded these persons should be dismissed.

**D. The regular rate is calculated by dividing the total pay by the estimated hours worked.**

Plaintiff agrees with Defendant on the regular rate calculation. It is anticipated that this will narrow the issues as Plaintiffs have previously suggested that they should be paid additional straight time, including "gap" time, which will be eliminated by this determination.

**CONCLUSION**

For the foregoing reasons, Defendant requests Summary Judgment be granted. Alternatively, Defendant requests Partial Summary Judgment on the regular rate issue and on the dismissal of the Part-time Opt Ins, Austion, Burks, Butler, Counts, Dickerson, Evans, Haliburton, Liddell, O'Guinn, and Pickrom.

---

[3] Ms. Counts, in her proposed withdrawal says that she cannot recall what she worked, but, nonetheless, denied the overtime points.

                Respectfully submitted,

                Mark Mayfield (Bar No. 93180)
                WOMACK PHELPS
                PURYEAR MAYFIELD & McNEIL, P.A.
                P. O. Box 3077
                Jonesboro, AR 72403
                Phone: (870) 932-0900
                Fax: (870) 932-2553
                mmayfield@wpmfirm.com
                    *Attorneys for Defendant, Life Strategies Counseling, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 26th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

    Daniel Ford (daniel@sanfordlawfirm.com)
    Josh Sanford (josh@sanfordlawfirm.com)
    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Ste. 510
    Little Rock, AR 72201

                                    Mark Mayfield