IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STACY WIHEBRINK, Individually and on
Behalf of All Others Similarly Situated                                       PLAINTIFF

v.                                    NO. 4:21-cv-573-DPM

LIFE STRATEGIES COUNSELING, INC.

RESPONSE TO MOTION TO WITHDRAW ADMISSIONS
AND FOR EXTENSION OF TIME TO SERVE RESPONSES

Comes Defendant, Life Strategies Counseling, Inc., by and through its attorneys, Womack Phelps Puryear Mayfield & McNeil, P.A., and for its Response to Motion to Withdraw Admissions and for Extension of Time to Serve Responses, states:

1. Over five (5) months ago, Defendant submitted Interrogatories and Requests for Production of Documents as well as Requests for Admissions.

2. The parties agreed to an extension. In addition, the Court entered an Order on January 18, 2023, extending discovery to March 15, 2023.

3. The undersigned then later followed up with the request for deposition of Plaintiff and four (4) opt-ins to be completed before the discovery deadline.

3. On February 13, 2023, Plaintiff and the opt-ins submitted Interrogatories and Requests for Production to Defendant. Defendant timely responded to those before the deadline for discovery passed.

4. Plaintiff requested some deposition be taken the week after the discovery deadline passed.

5. The Requests for Admissions are appropriate as they do not involve pure issues of law.

6.  During the discovery, the Opt Ins had not provided information as to the nature of their claims.  Indeed, the information provided in the responses is laden with objection and scant at the best.

7.  There is no requirement that the Court deem the Requests for Admissions admitted.

8.  The issue before the Court is whether those admissions will stand because of the prejudice to the Defendant as more fully explained herein.

9.  Defendant requests Plaintiff's Motion be denied.

WHEREFORE, premises considered, Defendant requests that Plaintiff's Motion be denied, and for any and all other proper relief.

> Respectfully submitted,
>
> Mark Mayfield (Bar No. 93180)
> WOMACK PHELPS
> PURYEAR MAYFIELD & McNEIL, P.A.
> P. O. Box 3077
> Jonesboro, AR 72403
> Phone: (870) 932-0900
> Fax: (870) 932-2553
> mmayfield@wpmfirm.com
> *Attorneys for Defendant, Life Strategies Counseling, Inc.*

**BRIEF IN SUPPORT OF RESPONSE TO MOTION TO WITHDRAW ADMISSIONS AND FOR EXTENSION OF TIME TO SERVE RESPONSES**

### I.  DISCUSSION

In December of 2021 this Court issued its Final Scheduling Order. On January 13, 2023, the parties moved to extend the discovery deadline by sixty (60) days. Defendant submitted Interrogatories and Requests for Production of Documents and Requests for Admissions to Plaintiff and each Opt In on November 30, 2022. The parties had agreed to various extensions of time and have worked cooperatively.

Plaintiff submitted Interrogatories and Requests for Production of Documents on February 13, 2023. Defendant responded to those Requests timely. On March 1, 2023, Defendant followed up on requests for depositions and suggested dates, before the deadline, of five (5) individuals. Plaintiff's Counsel requested and then Defendant's Counsel agreed to conducting depositions in the initial week following the discovery deadline. Those deposition s were the only discovery contemplated after the deadline. Defendant wanted to avoid any conflict with the Dispositve Motions deadline.

On April 17, 2023, Defendant filed a Motion to Decertify and also filed a Motion for Summary Judgment. Plaintiff responded to the Motion to Decertify and Defendant replied without the information that Plaintiff now seeks to submit. Just before Plaintiff responded to the Motion for Summary Judgment, Plaintiff submitted this Motion to Withdraw Admissions and For an Extension of Time to Serve Responses to Discovery.

## II. DISCUSSION

Plaintiff's questioning of the motives of counsel does not provide a basis to allow the withdrawal/amendment. One of the difficulties presented in these cases is the lack of information or willingness to provide information by plaintiffs and opt ins. For instance, here, two Opt Ins were able to provide declarations on a few days' notice, yet waited several months to reply to discovery. The Plaintiff and the Opt Ins here are college-, have professional licenses, and regularly complete paperwork of their activities. Yet, they failed or refused to provide response to discovery until after Defendant had articulated why summary judgment was appropriate.

The use of requests for admissions is a recognized discovery tool. Defendant believed there were many claims the could be easily addressed on statute of limitations and practical impossibility grounds. Defendant had disclosed pay data after the Protective Order was entered, so Plaintiff and the Opt Ins had information to consider whether to abandon their claims. Requests for admissions are faster and less expensive than conducting twenty (20) plus depositions. Plaintiff and the Opt Ins did not respond to written discovery during the discovery period.

None of the requests for admission involve pure issues of law. The question of whether a person worked more than forty (40) hours a week is a factual matter. The overtime language is just another way to address the point. Submitting admissions with subtle differences is a common practice. The fact that a person is part time as opposed to full-time is a factual point to be used in the case. Plaintiffs and the Opt Ins admitted all of these items before the discovery deadline, yet now wish to object and reverse course..

Had Plaintiff and the Opt Ins provided responses to the requests for admissions before now, Defendant could have located and listed additional witnesses to refute the proposed denials. *See,*

*e.g., Crussel v. Electrolux Home Prods., Inc.*, No. 06-CV-4042, 2007 WL 1020444, at 3-4 (W.D. Ark. Apr. 2, 2007) (noting considerations).  Defendant could have used the information reply to the response to the Motion for Decertification.   Withdrawal /amendment will cause prejudice because the discovery and motoin deadlines have passed. In *Altheimer v. Hosto and Buchan Law Firm*, the plaintiff claimed Title VII  race discrimination and retaliation. No. 4:07CV00045 JLH, 2007 WL 2750670, at 1 (E.D. Ark. Sept. 18, 2007). Plaintiff failed to respond, so two weeks later, counsel moved for dismissal, which was granted. *Id.* at 3.

Plaintiff and the Opt Ins waited over five months.  The Court necessarily considers timeliness, or lack thereof, of the response.  *See, e.g., Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1313 (8th Cir. 1983); *Raiser v. Utah County,* 409 F.3d 1243, 1246 (10th Cir. 2005). Opt Ins West and Wineland failed to appear for depositions in March, yet now offer answers and objections *See Exhibit C to Mot. for Summary Judgment.*  No effort has been made to mitigate the prejudice to Life Strategies.  *See also Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010) (considering efforts of plaintiff to respond in sustaining admissions).  Likewise, Plaintiff and the Opt Ins have not provided full and complete answers.  Instead, they have  offered untimely objections For those who were deposed, the fact that a matter is covered in a deposition does not substitute for the response to the requests for admissions.  *See United States v. Kasuboski,* 834 F.2d 1345, 1349 (7th Cir. 1987).

### III.  CONCLUSION

For the foregoing reasons, Defendant requests that the Motion to Withdraw Admissions and For Extension of Time to Serve Responses should be denied.

        Respectfully submitted

        Mark Mayfield (Bar No. 93180)
        WOMACK PHELPS
        PURYEAR MAYFIELD & McNEIL, P.A.
        P. O. Box 3077
        Jonesboro, AR 72403
        Phone: (870) 932-0900
        Fax: (870) 932-2553
        mmayfield@wpmfirm.com
                *Attorneys for Defendant, Life Strategies Counseling, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 26th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Daniel Ford (daniel@sanfordlawfirm.com)
Josh Sanford (josh@sanfordlawfirm.com)
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, AR 72201

                                Mark Mayfield