IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STACY WIHEBRINK, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                    No. 4:21-cv-573-DPM

**LIFE STRATEGIES COUNSELING, INC.**             **DEFENDANT**

## REPLY IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS AND FOR EXTENSION OF TIME TO SERVE RESPONSES

Defendant's Response to Plaintiffs' Motion to Withdraw Admissions and for Extension of Time to Serve Responses ("Response"), ECF No. 53, does not provide a basis for this Court to deny Plaintiffs' request. Defendant has not described how withdrawing Plaintiffs' admissions would not aid in the presentation of the merits of this case, nor provided a valid description of how it would prejudice Defendant.

Defendant's first claim for prejudice is that it "could have located and listed additional witnesses to refute the proposed denials" had it received answers sooner. As stated in Plaintiffs' Motion to Withdraw Admissions, the admissions require Plaintiffs to admit the very basis of the lawsuit—there should be no reasonable expectation that Plaintiffs would admit that they never worked more than 40 hours, or any overtime, in a workweek. Thus, that Defendant would need to marshal witnesses and other evidence regarding Plaintiffs' hours worked should have been evident from the case's inception. Plaintiffs' lack of prompt denial could not possibly have induced Defendant to that degree of lethargy in preparing its defense. Likewise, that Defendant "could have used the

Page 1 of 5
Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.
U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM
Reply in Support of Motion to Withdraw Admissions
and for Extension of Time to Serve Responses

information" in furtherance of decertification or summary judgment litigation is not a sufficient showing of prejudice. Defendant was clearly able to marshal sufficient evidence to raise the motions.

Further, vague speculation and implications regarding the eagerness with which Plaintiffs engaged in various aspects of the discovery process is not a legal basis on which this Court may enter an order. One of the benefits of filing a lawsuit under § 216(b) of the FLSA is that collective treatment of claims allows for representative evidence. *See generally Bouaphakeo v. Tyson Foods Inc.*, 765 F.3d 791 (8th Cir. 2014). Defendant served written discovery on all 24 of the Plaintiffs in this case and took five depositions; Plaintiff engagement with discovery in this case has been more than sufficient in allowing Defendant to raise a full defense. Any prejudice to Defendant due to untimely responses to the Requests for Admission has been more than remedied through Plaintiffs' responses to other forms of discovery. This analysis is equally applicable to Defendant's argument regarding the timeliness of Plaintiffs' responses: the responses pended for five months because the parties were engaged in other forms of discovery. Defendant obtained the answers it sought through other means and has suffered no prejudice whatsoever due to Plaintiff's lack of response, nor will it suffer prejudice if the Court grants Plaintiffs' request for withdrawal of admissions.

Defendant's reliance on *Quasius v. Schwan Food Company*, 596 F.3d 947 (8th Cir. 2010), is misplaced. In *Quasius*, the Eighth Circuit upheld a decision in which the district court declined to withdraw the plaintiff's admissions because the plaintiff never asked it to, despite receiving instructions and an extension from the court to do so. 596 F.3d at 952 ("Quasius made no filing with the district court that might be construed as a

**Page 2 of 5**
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Reply in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

motion to withdraw or amend under Rule 36(b), even after the district court specifically directed him to file a motion and granted additional time for that purpose. . . . The court is not required to apply them *sua sponte* when a party declines to file the required motion upon invitation from the court."). Here, Plaintiffs have not only filed the appropriate motion but have provided a strong basis in both law and fact to support the Court's granting of the Motion.

Likewise, in *Gutting v. Falstaff Brewing Corp.*, on which Defendant relies for the premise that Plaintiff's five-month delay in responding should weigh in favor of deeming the requests admitted, the Eighth Circuit *reversed* a district court that refused extra time to allow the plaintiff to answer requests for admission. 710 F.2d 1309, 1315 (8th Cir. 1983). The Court specifically noted that any prejudice contemplated by Rule 36(b) "'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted," and that the defendant had not made that showing because it participated in other discovery to obtain the information requested, including depositions. *Id*. at 1314.

Notably, Defendant's out-of-circuit law cited also supports Plaintiffs' position rather than Defendant's. In *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987), the Seventh Circuit upheld the district court's decision to uphold admissions because, like in *Quasius*, the plaintiff did not ask the court to withdraw the admissions. In *Raiser v. Utah County*, the Tenth Circuit reversed the district court in the same manner as the Eighth Circuit in *Gutting*. 409 F.3d 1243 (10th Cir. 2005). In *Raiser*, both elements of the test for withdrawal for admissions were met: not only did the admissions concede the core issues of the plaintiff's case and therefore "subserve the presentation of the action," the

**Page 3 of 5**
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Reply in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

defendant failed to present any evidence of prejudice because "[m]ere inconvenience does not constitute prejudice for this purpose." *Id*. at 1246. More specifically, the Court noted that "[t]he prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth," and that "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." (quoting *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987); *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551 (10th Cir. 2000)).

Accordingly, Defendant has provided no basis in either law or fact to deny Plaintiff's well-supported Motion to Withdraw Admissions. Upon a reasonable request, courts do not deny parties their day in court due to a procedural technicality. Moreover, the "mere inconvenience" Defendant may have suffered as a result of Plaintiff's untimely responses does not rise to the level of prejudice required to deny Plaintiff's request. Plaintiff respectfully requests that this Court grant Plaintiffs' Motion in full.

**Page 4 of 5**
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Reply in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**

Respectfully submitted,

**PLAINTIFF STACY WIHEBRINK,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 5 of 5**
**Stacy Wihebrink, et al. v. Life Strategies Counseling, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:21-cv-573-DPM**
**Reply in Support of Motion to Withdraw Admissions**
**and for Extension of Time to Serve Responses**