IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STACY WIHEBRINK, Individually and on**        **PLAINTIFFS**
**Behalf of All Others Similarly Situated**

vs.                No. 4:21-cv-573-JJV

**LIFE STRATEGIES COUNSELING, INC.**        **DEFENDANT**

### <u>JOINT MOTION FOR APPROVAL OF SETTLEMENT</u>

Named Plaintiff Stacy Wihebrink, individually and on behalf of the individuals who have filed Consents to Join this case ("Opt-In Plaintiffs"), Derrick Singleton (together with Named Plaintiff and Opt-In Plaintiffs, "Plaintiffs") and Defendant Life Strategies Counseling, Inc., by and through their undersigned counsel, jointly submit the following Joint Motion for Approval of Settlement:

1.      Named Plaintiff initiated this action on 25 June 2021, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 ("AMWA"). ECF No. 1. Named Plaintiff contends that during her tenure with Defendant, she and a group of other similarly situated employees worked on average several hours per week "off-the-clock" in the form of unbillable hours which went unrecorded and uncompensated. *Id.*

2.      On 7 January 2022, Named Plaintiff moved this Court for certification of a collective action consisting of all Mental Health Professionals employed by Defendant within the three years prior to the filing of Plaintiff's Complaint. ECF No. 9.

3.      On 6 April 2022, this Court conditionally certified a collective class of: "All mental health professionals, not paid a salary, who worked for Life Strategies Counseling, Inc., at any time since 26 June 2018." ECF No. 14. The Court also directed that Notices of the lawsuit as well as Consent to Join forms be sent to the individuals in the proposed collective. *Id.*

4.      Following the Court-approved Notice period, 23 individuals submitted Consent to Join forms and have remained in the case to the current day ("Opt-In Plaintiffs").

5.      After the close of the opt-in period, Derrick Singleton returned a signed Consent to Join the case. Due to the untimeliness of the returned Consent to Join, Derrick Singleton began a separate case alleging similar claims against Defendant, *Derrick Singleton v. Life Strategies Counseling, Inc.*, U.S.D.C., Eastern District of Arkansas, No. 4:23-cv-562-LPR. This settlement resolves the claims in both cases.

6.      Defendant denies liability, disputing Plaintiffs' claims that they performed work off-the-clock in the form of unbillable hours. In addition, Defendant avers that, to the extent any off-the-clock work was performed, they had no actual or constructive knowledge of such work and accordingly, this time was non-compensable. A bona fide dispute exists as to FLSA wages owed to Plaintiffs.

7.      The parties engaged in extensive discovery regarding Plaintiffs' claims and the time records, compensation, and issues related to the underlying merits of the claims against Defendant, as well as defenses. This discovery included the depositions of Named Plaintiff as well as Opt-In Plaintiffs Cherie Buckley, Paul Bailey, and Shelby Barnhill.

8.     Following arm's-length settlement negotiations between counsel during a Settlement Conference and after, the parties have entered into a settlement memorialized in the attached Settlement Agreement and Release of Claims ("Agreement") resolving Plaintiffs' claims for back wages. A copy of the Agreement is attached hereto as Exhibit 1.

9.     Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n. 8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

10.     The Eighth Circuit has cast doubt on whether settlements of wage claims even require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," and declined to decide the question. No. 17-2612, 2018 U.S. App. LEXIS 24501, at *8 (8th Cir. Aug. 29, 2018); see also *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the *Melgar* court reiterated its "tradition of encouraging settlement between private parties." *Id.* at *6. Nonetheless, to ensure that their settlement agreement is enforceable, the Parties attach their Motion for the Court's review.

11.     Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows

litigation, including the sharing of time and pay records by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.  Defendant has agreed to settle this matter while denying liability.

12.     Each Plaintiff's settlement amount is in relation to the number of unbilled hours he or she estimated to have worked. On average, and after accounting for Plaintiffs' counsel's request for attorneys' fees and costs, Plaintiffs' settlement fund is equal to roughly 1.75 to 2 working hours paid out at their overtime rate per week of tenure with Defendant during the statutory period. Appendix A to the Settlement Agreement sets forth Plaintiffs' settlement amounts assuming Plaintiffs' counsel's request for attorneys' fees and costs is granted in its entirety. These amounts are a fair compromise for a number of reasons. First, Defendant's position is that Plaintiffs were instructed by Defendant to record and submit their own hours worked via patient notes. Second, the Parties had strong disagreements as to the nature and extent of work performed "unbilled" and whether this time would have been considered compensable.

13.     The FLSA provides for an award of a reasonable attorney's fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

14.     Following the Parties' successful negotiation as to Plaintiffs' settlement fund, a separate attorneys' fees and costs payment of $35,000.00 was negotiated

between counsel for the Parties. Plaintiffs' counsel requests this amount as well as an additional $27,819.15 from the settlement fund pursuant to their contracts with Plaintiffs of 40% plus costs of the total settlement amount. Should the Court deny this request or grant it in an amount less than the total request, Plaintiffs' counsel requests that the Court allow submission of a revised Settlement Allocation reflecting the adjusted amounts.

15.     Plaintiffs' counsel's fee request consists of $61,500.00, which is 40% of the total settlement, as well as $1,319.15 as reimbursement for incurred case expenses. Below is a table of Plaintiffs' counsel's expenses for the matter.

| Amount | Date | Description |
|---|---|---|
| $402.00 | 6/28/2021 | Filing Fee |
| $50.00 | 8/13/2021 | Service Fee |
| $105.00 | 11/10/2021 | APS Service Fee |
| $36.00 | 4/25/2022 | TLO Search Fee |
| $10.40 | 5/17/2022 | Postage |
| $48.00 | 5/17/2022 | TLO Search Fee |
| $10.40 | 5/23/2022 | Postage Fee |
| $48.00 | 5/23/2022 | TLO Search Fee |
| $2.60 | 5/27/2022 | Postage Fee |
| $12.00 | 5/27/2022 | TLO Search Fee |
| $103.25 | 4/25/2023 | Transcript Fee to Court Reporter, Deposition of Paul Bailey III |
| $386.50 | 4/25/2023 | Transcript Fee to Court Reporter, Depositions of Stacy Wihebrink, Shelby Barnhill, and Jenifer Williamson |

| $105.00 | 5/4/2023 | Transcript Fee to Court Reporter, Deposition of Cherie Buckley |
|---|---|---|

16.     All of the above expenses were directly related to the prosecution of this case. Reimbursement of these case expenses is a fair assessment of costs and is consistent with Plaintiffs' contracts with Plaintiffs' counsel.

17.     Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiffs' claims for back wages and all other relief as sought in the Complaint in this action. The parties request that following the Court's approval of the Agreement, the Court dismiss the above-styled action with prejudice and retain jurisdiction for the enforcement of the Agreement.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an order dismissing with prejudice Plaintiffs' claims for back wages and all other relief in this lawsuit and approving the Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

**STACY WIHEBRINK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Samuel Brown
Ark. Bar No. 2020210
samuel@sanfordlawfirm.com

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **DEFENDANT LIFE STRATEGIES COUNSELING, INC.**

WOMACK PHELPS PURYEAR
MAYFIELD & McNEIL, P.A.

*/s/ Mark Mayfield*
Mark Mayfield
Ark. Bar No. 93180
mmayfield@wpmfirm.com

P.O. Box 3077
Jonesboro, AR 72403
Phone: (870) 932-0900
Facsimile: (870) 932-2553